JOHN C. SCHRODT, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 28, 1904.

1. **MUNICIPAL CORPORATIONS: Change of Street Grade: Possession: Trespass.** An action for damages for changing the grade of a street is in the nature of a trespass and possession alone is sufficient to maintain the action against a stranger, since any possession is legal possession against a wrongdoer.

2. **EVIDENCE: Change of Street Grade: Experts.** To permit opinion evidence, the subject under consideration must be one of science or skill, or one on which observation and skill have given the opportunity and means of knowledge; and the witness should be qualified or his evidence will be incompetent.

3. **APPELLATE PRACTICE: Common Error.** Where both parties are equally at fault no complaint will be heard from either as to the common error.

4. ————: **Incompetent Evidence: Damages.** Where the verdict is for the right party and not excessive, errors relating to admission of evidence as to the amount of damages are not of themselves grounds for reversal.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*James M. Wilson,* city counselor, *G. L. Zwick,* assistant city counselor, for appellant.

(1) Defendant's demurrer to plaintiff's evidence should have been sustained. Plaintiff showed no title to the property claimed to be damaged. (2) The court erred in permitting witnesses to testify as experts as to the market value of the property, when it was shown they had no experience in buying and selling real estate. Turner v. Hoar, 114 Mo. 335; Goins v. Railroad, 47 Mo. App. 173; Thompson v. Ish, 99 Mo. 160. (3) The court erred in allowing witness Crabb to testify to the expense of raising plaintiff's barn when he had not shown himself to be familiar with such construction work. And there was no evidence that it was necessary or even proper that said barn be raised. Turner v. Hoar, 114 Mo. 335; Goins v. Railroad, 47 Mo. App. 73; Thompson v. Ish, 99 Mo. 160.

*George P. Rowe* and *O. M. Shanklin* for respondent.

(1) The petition states a good cause of action, and the court rightfully refused to sustain the demurrer to the evidence offered by defendant for the reason that the jury were the sole and proper judges of the weight of the evidence and the credibility of the witnesses.

(2) ''Property-holders and residents of the neighborhood where property is situated are competent witnesses to fix the price of such property in the neighborhood.'' Thomas v. Mallintradt, 43 Mo. 65; 8 Sed. on Dam., p. 673, sec. 1294; Rice on Ev., 195; Railroad v. Dawley, 50 Mo. App. 485. (3) There was no error in allowing witness Crabb to testify in regard to the barn.

BROADDUS, J.—The plaintiff's action is for damages to lot fifteen, block four in Horn Heights addition to the city of St. Joseph caused by the action of defendant in grading Fifteenth street fronting said lot. The specific cause for the alleged damages was the act of defendant in raising the surface of said street about eighteen inches, in consequence of which plaintiff's lot was left below said surface a corresponding depth; that as a result of said grading the lot was depreciated in value; and that in order to conform to the grade so established it became necessary to raise plaintiff's house situated on said lot and to fill up the latter. All of which will be at the cost of plaintiff.

The answer admitted that the defendant was a municipal corporation but denied all the other allegations of the petition. The judgment was for the plaintiff, from which defendant appealed.

The points relied on for a reversal are two, viz: 1. That the court erred in refusing to instruct the jury to return a verdict for defendant on plaintiff's evidence. 2. That the court erred in admitting the testimony of incompetent expert witnesses.

The first point is based upon the theory that plaintiff failed to show title to the lot in question. The only evidence as to title was a warranty deed from one Lillian Horn purporting to convey title, dated March 7, 1895. There was no dispute as to plaintiff's possession. This is an action in the nature of a trespass and ''possession alone is sufficient to maintain an action of tres-

pass as against a stranger; and any possession is legal possession againt a wrongdoer.'' [Watts v. Loomis, 81 Mo. 236; Barbarick v. Anderson, 45 Mo. App. 270.] And where there is a valid ordinance, as in this case, for the grading and the grading is done without taking measures to ascertain and pay the damages, the city will be liable. There was no error in refusing to give a peremptory instruction for defendant.

A number of witnesses were introduced by plaintiff to testify to the value of the property before the grading who were not real estate agents, but who stated that they knew what its value was. To this evidence defendant objected on the ground that they were not qualified to testify as to value. In other words, that they were not experts. All of plaintiff's witnesses except two testified that they were acquainted with values in the neighborhood of the lot in question. And these two, Albert B. Schrodt and Henry Archer, testified without their evidence being objected to.

The rule permitting the opinion of witnesses is that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge. [Rice on Evidence, sec. 193, pp. 327, 328.] And the qualification of such witnesses to testify is a question for the court. [*Idem,* p. 328.] These are elementary principles. Some of the witnesses testified that they were acquainted with the market value of property in the neighborhood. Witnesses so answering we think, under the rule, were competent to testify as to the value of the property in controversy. One William Cline, who testified as to value without personally stating that he knew the value of real estate in the vicinity of that in question, was objected to, but the objection was overruled. This was error, as he had not shown himself by observation and experience competent to give value. It is true ''where property has no market value (unlike this) the law allows the next best evidence, and the opinions of per-

sons shown to be judges or to have knowledge of the value of land in the vicinity may be received as evidence.'' [Railway Co. v. Dawley, 50 Mo. App. 480.]

On the trial both sides introduced witnesses as to value alone without restricting the evidence to market value. Where both parties are equally at fault no complaint will be heard from either as to the common error.

One witness was permitted to state what it would cost to fill in the lot and raise the house, the question being put without any preliminary showing that he had knowledge of such work or its cost. This was also error.

Although one ground alleged in defendant's motion for a new trial was that the verdict was excessive, that ground is not insisted on here. We must, therefore, conclude that it has been abandoned.

That the verdict is for the right party is beyond all question, and it not being excessive the errors noted in regard to admission of evidence as to damages are not grounds for reversal under the statute as substantial justice was done. Affirmed.