ST. LOUIS & S. F. R. CO. v. FINLEY.

(Court of Civil Appeals of Texas. Dallas. Jan. 3, 1914. Rehearing Denied Jan. 31, 1914.)

1. RAILROADS (§ 344*)—CROSSING ACCIDENT — ACTIONS—ALLEGATIONS OF PETITION—NEGLIGENCE OF EMPLOYÉ.

The complaint, in an action against a railroad company for injuries at a railway crossing, alleged that the street was blocked by a train, and that after plaintiff had waited awhile for the train to move, one of the switch crew invited plaintiff to go through the train and told him that he had time to go across, but that the trainmen started the cars without looking when plaintiff was struck, and further alleged that his injuries were inflicted "as aforesaid through the gross negligence and want of ordinary care of the defendant and its agents and servants operating and in charge of said train of cars and tracks." Held, that the petition sufficiently alleged negligence by the switchman in inviting plaintiff to cross between the cars, though it also alleged other acts of negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1107-1112; Dec. Dig. § 344.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—BRIEFS.

Assignments of error not complying with Courts of Civil Appeals rules 29 and 30 (142 S. W. xii, xiii), requiring appellant to file a brief of the points relied on, separately stating each point of error, and requiring each point under each assignment of error to be stated as a proposition unless the assignment sufficiently disclosed the point need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by R. L. Finley against the St. Louis & San Francisco Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Ft. Worth, and Head, Smith, Hare, Maxey & Head, of Sherman, for appellant. Randell & Randell and Jones & Hassell, all of Sherman, for appellee.

RAINEY, C. J. Appellee sued the railroad company to recover damages for personal injuries negligently inflicted upon him by the negligence of the crew of one of appellant's trains. The appellant answered by general denial and special pleas of assumed risk and contributory negligence, specially denying that plaintiff was invited to go between the cars by defendant's employé. A trial resulted in a verdict and judgment in favor of appellee for $15,000, from which this appeal is prosecuted.

The appellant complains of the court's charge as follows: "The court erred in that

part of the main charge to the jury wherein the act of Charlie Riddle, a member of the defendant's switching crew, in telling plaintiff that 'he had time to go across, and to go ahead,' is made a basis of negligence and authorizing the jury to find damages in favor of plaintiff on the negligence of said Riddle in making such statement to plaintiff. The language of that part of the charge complained of, reads as follows: 'Or, if you believe from the evidence that one Charles Riddle was a member of defendant's switch crew that was doing the switching in the vicinity of Jackson street crossing on said occasion, and if you further believe from the evidence that under the manner of doing the work of switching at said time it was the duty of the said Riddle then and there to look after the crossing on Jackson street, and if you further believe from the evidence that the said Riddle told plaintiff in effect, "You have got time to cross, go ahead," and that said Riddle thereby meant that the said Finley was to pass by means of going over or between said cars blocking said Jackson street at said time, if you find same were blocking said Jackson street, and that plaintiff understood that said Riddle intended by his words, if any, for him to make said crossing in said way; and if you further believe from the evidence that in response to the language thus used by said Riddle, if you believe same was used, plaintiff made an attempt to cross between two box cars; and if you further believe from the evidence that while he was attempting so to do, one or two other cars that had been set in motion by defendant and its employés struck the said cars blocking Jackson street, if same were blocking said street, and that plaintiff was thereby injured; and if you further believe from the evidence that when said Riddle used the language in reference to the plaintiff going ahead, if he did use same, he knew or in the exercise of ordinary care should have known, that said cars were liable to be struck by other cars set in motion by other members of defendant's switching crew, and that plaintiff's attempting to cross under such circumstances would be attended with danger, and if you further believe from the evidence that an ordinary prudent person situated and circumstanced as plaintiff was on said occasion would have attempted to make the crossing as plaintiff did at said time; and if you further believe from the evidence that plaintiff would not have attempted to cross prior to the bumping of said other car or cars against said car or cars but for the language used by said Riddle, if any such language you find there was used by said Riddle, in relation to plaintiff's going across; and if you further believe from the evidence that the said Riddle was guilty of negligence in using the language that he did use at said time, if he did use same, and that such negligence was the di-

rect and proximate cause of plaintiff's injuries—then in either of these events you will find for plaintiff and assess his damages as hereinafter directed, unless you should find for the defendant under other instructions given you.' "

The propositions submitted under this assignment, are: First: "It is error for the court in its charge to present issues not raised by the pleadings. There was no allegation of negligence in plaintiff's petition based on an invitation or direction of Charlie Riddle, or any other employé, telling the plaintiff to go ahead across between the cars, and the submission of this issue, as a ground of recovery, constitutes reversible error"—and, second, "where specific questions of negligence are set up in the petition, plaintiff will be confined to those acts even though there be a general allegation of negligence in the petition."

As the foregoing assignment and propositions involve a proper construction of the petition, we set out the charging part in full, omitting formal allegations:

"Plaintiff shows to the court that on March 29, 1909, he resided and was engaged in business in the town of Hugo, in said Choctaw county, Okl.; that defendant's line of railway extends through said town of Hugo running north and south, just west of the business portion of said town; that plaintiff's place of business was on a business street in said town east of defendant's line of railway, and that his residence where he resided with his family was on the west side of defendant's line of railway; that Jackson street is a public thoroughfare in said town of Hugo, Okl., and runs east and west across defendant's line of railway; that said Jackson street crossed defendant's main track and several switch tracks about one block west of the business part of the said town, and about three blocks west of the main business corner of said town, which is located on said Jackson street; that on said date, and for a long time prior thereto, there was no crossing over defendant's line of railway north of Jackson street crossing, and there was only one crossing south of said Jackson street crossing, and this crossing was from four to six blocks distant; that by reason thereof, the public had practically only the Jackson street crossing to get from the business part of the town to that portion of the town located west of defendant's railway line, and this plaintiff had no other feasible route to and from his place of business in the business portion of said town, other than over the crossing on Jackson street; that a large population of said town lived on the west side of these railway tracks, and said crossing had to be used as the only feasible one by said population in going to and from the business portion of said town; that said crossing was habitually used by the public for this said travel.

"Plaintiff would further show that on said date, and for a long time prior thereto, defendant habitually blocked and obstructed said Jackson street crossing with trains and strings of cars at any and all time during the day and night, and maintained the same across said street for long periods of time, rendering the passage along said street impossible except by going under, over, between or through said trains and strings of cars, both during the day and night; that defendant during the said time maintained this constant blocking of the crossing, unmindful of the great inconvenience it occasioned the traveling public, who from necessity were required to constantly use said crossing; that as a result of said conduct of defendant in reference to said Jackson street crossing, and on account of the necessity for the use of said crossing by the public, the climbing over, between, and underneath defendant's cars standing on this crossing became a habit and custom of said public; that the defendant knew of this habit and custom of said public at the time at Jackson street crossing, or should have known thereof; that this manner of crossing defendant's railway by the public at said place on said occasions when said crossing was blocked, as aforesaid, was constantly and habitually done in the presence of defendant's employés in charge of defendant's trains and cars so obstructing said street, with the knowledge and consent of defendant and its said servants, and without objection; that the said habit and custom of the public of climbing over, across, and under the cars blocking said crossing was well known to the plaintiff, the defendant and the general public, and the necessity for such custom, on account of the heretofore mentioned conduct of the defendant and its employés in relation to the use of said crossing by defendant, was a source of much general complaint in the said town of Hugo, and to defendant and its agents and servants, all of which was well known to defendant.

"Plaintiff would further show to the court that on March 29, 1909, and at the usual time for doing so, he undertook to go home along said Jackson street, and over said crossing from the business portion of said town; that said crossing was at said time obstructed by a string of cars of defendant, entirely blocking it; that he waited ten minutes for defendant to open said crossing, but, being conscious of the long time defendant might maintain said blockade, and after he ascertained it to be a fact that there was no engine attached, at the time, to said cars, plaintiff was induced by the circumstances, and by the direct invitation of the defendant and its agents and servants then and there operating said railway and train of cars, to pass onward between the cars of said train, being assured then and there by defendant's agents and servants that there was plenty of time, and no injury would result to plaintiff therefrom; that plaintiff being thus assured undertook to pass between the cars of said train, and while doing so the cars, without notice or warning to plaintiff, were suddenly struck with great violence by other cars operated then and there by the defendant and its agents and servants, and were jostled and jolted and moved with such violence that plaintiff was thrown, jerked, and fell, whereby he was injured in a serious and permanent manner.

"Plaintiff would further show to the court that, while it is true, as alleged in the preceding paragraph, that he was invited to pass between, across, or over said string of cars by some one whose dress and appearance, and whose action and words, were such as at the time led plaintiff to believe that such person was one of defendant's employés engaged in the operation and moving of said string of cars that were blocking said street, yet, he says, that if he is mistaken in the identity of the person extending to him such invitation, then he says that defendant, by its long and continued conduct of blocking said crossing and the habitual and constant habit of the traveling public in climbing between, under, or over said cars on occasions similar to the one which confronted this plaintiff at said time, and the knowledge of defendant and its employés of such habit, he was invited and permitted by defendant and its agents and servants to cross said tracks and pass said cars in the manner he did then and there attempt to do; and, under all the circumstances and facts herein alleged, it was the duty of defendant to ascertain the whereabouts of persons using or attempting the use of said crossing, and to ascertain and know that such persons, and especially plaintiff, were not in such proximity to said cars as to render them liable to be injured by the movement thereof, and to give notice and warning to such persons, and especially to plaintiff, of their intention to move said cars before moving the same, so that they might protect themselves from danger on account of the movement of such cars.

"Plaintiff would further show to the court that when he received his said injury he was acting with due care for his own safety, and as an ordinarily prudent person would have acted, under the same or similar circumstances; that the same was inflicted upon him, as aforesaid, through the gross negligence and want of ordinary care of the defendant, and its agents and servants operating and in charge of said train of cars and track, and by the acts and conduct of the defendant and its agents and servants as follows: That under the circumstances, it was the duty of defendant and its said servants then and there to keep a lookout at said crossing, and it was their duty to keep a guard or watchman for the safety of the public and of plaintiff to warn and direct them and also those operating said train and

cars in reference to the movement thereof, so as to prevent accident and injury. But, unmindful of the rights and safety of the public and of this plaintiff, defendant, and its said servants, failed and neglected to maintain then and there a guard or watchman, as was their duty to do, and did not ring the bell nor blow the whistle, nor give any other warning, before starting the said string of cars on said occasion, but negligently, carelessly, and recklessly moved said cars, as heretofore alleged, and injured plaintiff as a direct and proximate result thereof."

[1] It will be noted that plaintiff's petition alleged the blocking of Jackson street by appellant's train standing across it; that after waiting a while for said train to move one Riddle, appellant's employé, invited plaintiff to go through said train; that plaintiff had time to get through; that the employés set the cars in motion without looking, etc.; that he was struck by the train, and then alleged "that the same [injuries] was inflicted upon him [appellee] as aforesaid through the gross negligence and want of ordinary care of the defendant and its agents and servants operating and in charge of said train of cars and tracks."

We think the allegations of plaintiff's petition sufficiently charged negligence, and fully warranted the court in giving the charge based on the invitation of Charlie Riddle, telling plaintiff to go ahead across, between the cars, and the court was not confined to other specific acts charged in the petition. The petition alleged various grounds of negligence, which should be considered under the evidence, and the court did not err in so instructing the jury.

The appellant complains of the refusal of the court to instruct a verdict for the defendant for the reason that no negligence was shown on the part of the defendant, and that the evidence shows that plaintiff was guilty of negligence as a matter of law, which directly and proximately caused his injury. There is no merit in this assignment of error. The record shows that the plaintiff, by proof, established every material allegation in his petition, and also establishes that plaintiff was not guilty of negligence that proximately contributed to his injury.

[2] The third and fourth assignments of error do not comply with rules 29 and 30 (142 S. W. xii, xiii), and should not be considered, but we will say that the charges requested and refused were sufficiently covered by the main charge of the court.

The fifth assignment is in the same category as Nos. 3 and 4, and will not be further noticed.

The sixth assignment complains that the verdict is excessive. The verdict is large; but, when the evidence is considered, we do not feel authorized to say that it is excessive.

The judgment is affirmed.