### MILLARD v. NACOGDOCHES COUNTY.
(No. 6713.)

(Court of Civil Appeals of Texas. Galveston. Nov. 3, 1914.)

1. HIGHWAYS (§ 113*)—LIABILITY OF COUNTY FOR SERVICES PERFORMED ON HIGHWAY.

Under section 4 of the special road law of 1903 (Sp. Acts 28th Leg. c. 39) for Nacogdoches county, providing that private donations are thereby solicited to be expended upon public roads of the county, and that, when a private donation is made for any road precinct, the commissioners' court shall immediately set aside from the county treasury, out of the road and bridge fund, an amount equal to the donation which, together with the donation, shall be expended upon the road designated by the donors, where citizens of a road precinct donated $1,200, to be expended on a road, and paid it to the proper authorities, and there were sufficient funds available from which the county could appropriate an equal amount, but the commissioners' court appropriated only $800, it could authorize the commissioner, having charge of the improvement in such road precinct, to employ men to perform services on said road, and to incur liability therefor in a sum not in excess of the part of the $1,200 for which it failed to make a direct appropriation, and the county was liable for services so performed.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–352, 355; Dec. Dig. § 113.*]

2. HIGHWAYS (§ 113*)—ACTIONS FOR SERVICES PERFORMED ON HIGHWAY—PETITION.

Where a petition, in an action against Nacogdoches county, alleged that, pursuant to section 4 of the special road law of 1903 (Sp. Acts 28th Leg. c. 39) for such county, citizens interested in a particular road precinct donated $1,200, to be expended on a particular road, and paid the donations to the proper authorities, that M. was the duly elected county commissioner of the commissioner's precinct which included such road, and had authority to employ labor for the improvement of such road, that the amount so donated, and a like amount to come out of the road and bridge fund of the county,

---

was available to be expended upon the road, that the county paid on the work done $800, that such commissioner employed plaintiff and his assignors to perform work on such road, that their claims for services had been rejected by the commissioners' court, that if the commissioners' court had set aside an amount equal to the amount donated, to be expended upon the road, there would be sufficient remaining to pay such claims, and that M. had authority to contract and expend on such road such donation, together with an equal amount out of the road and bridge fund, it was good as against a general demurrer, but it was subject to a special exception for failure to allege the particular order or act of the commissioners' court which authorized M. to contract for services and to incur liability of the county therefor.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–352, 355; Dec. Dig. § 113.*]

**3.** PLEADING (§ 34*)—DEMURRER—CONSTRUCTION OF PLEADING OF DEMURRER.

On a general demurrer to a petition, all reasonable intendments must be resolved in favor of the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

**4.** PLEADING (§ 228*) — DEMURRER — SPECIAL EXCEPTIONS.

It was error to sustain a so-called exception to the petition, which was in fact not an exception at all but a defensive pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

Appeal from Nacogdoches County Court; Geo. F. Ingraham, Judge.

Action by Henry Millard against Nacogdoches County. From a judgment dismissing the suit, plaintiff appeals. Reversed and remanded.

Blount & Strong, of Nacogdoches, for appellant. S. M. Adams, of Nacogdoches, for appellee.

McMEANS, J. Henry Millard, claiming an indebtedness against the county of Nacogdoches in the sum of $393.75 for work performed by him for the county and by others whose claims he alleged he owns, brought this suit against the county to recover thereon. The court sustained a general demurrer to plaintiff's petition, as well as certain special exceptions hereinafter mentioned, and, upon the plaintiff declining to amend, dismissed his suit, and, from the judgment of dismissal, plaintiff has appealed.

The petition of the plaintiff, omitting the formal parts, is as follows:

"Plaintiff further represents that during the year 1903 there was enacted by the Legislature of the state of Texas a special road law for Nacogdoches county, which said law, together with all its provisions, was in full force and effect, and plaintiff represents that section 4 of said special road law provides as follows: 'Private donations are hereby solicited to be expended upon the public roads of said county, and when a private donation is made for any road precinct in said county, the commissioners' court shall immediately set aside from the treasury of said county, out of the road and bridge fund, an equal amount to the amount donated by such private subscription, and the same, together with the private donation, shall

be expended upon the road precincts designated by the donor or donors of such fund.'

"Plaintiff further represents that under the above section of said road law, together with the other sections in said law contained, citizens residing in Nacogdoches county and interested in road precinct No. ——, which road precinct covers the public road, beginning at the south line of the corporation of the city of Nacogdoches and extending to and beyond Fern Lake on said road, known as the Procella road, during the year 1911, made donations of more than $1,200, and paid said donations to the proper authorities, and directed and designated that said donations be applied and expended in working and grading the above-described road.

"Plaintiff further represents that W. B. McKnight was the duly elected, qualified, and acting county commissioner of commissioners' precinct No. 1 of Nacogdoches county, Tex., during the year 1911, and that said above-described road is situated within said commissioners' precinct, and that said W. B. McKnight, as such commissioner, had supervision of said road, together with the other roads situated within said precinct, and had authority to employ labor for the improvement of said above-described road, together with the other roads situated in his precinct.

"Plaintiff further represents that after the private donation had been made and paid in, as above alleged, to the amount of more than $1,200, under the provisions of the special road law for Nacogdoches county, above set out, it became the duty of the commissioners' court of Nacogdoches county to immediately set aside a like amount to be expended upon said road, and that said amount made up and paid in by said private donations, together with a like amount to come out of the road and bridge fund of Nacogdoches county, under the law, was available to be expended upon said road, and said county did pay on the work done, as set out herein, the sum of $800.

"Plaintiff further represents that the said W. B. McKnight, commissioner as aforesaid, acting under the provisions of said law above set out, and as supervisor or road superintendent of the public roads within his precinct, contracted with and employed plaintiff, together with G. A. Blount and H. W. Spradley, R. D. Burrows, and Josh Henson, to work upon and grade said above-described road, agreeing with plaintiff and the other parties above named that the county of Nacogdoches would pay for the work so done upon said road upon the following basis: $3.50 per day for a double team, scraper, and hand to operate same.

"Plaintiff represents that during the months of June, July, and August of the year 1911, under said contract with said W. B. McKnight, he furnished teams, scrapers, and hands to work on said road for a number of days, and that, when said work was finished, a settlement with reference to same, in so far as the time and number of teams was concerned, was had with said McKnight, and that after deducting the amount that had been paid plaintiff for the work done upon said road by the county of Nacogdoches, under said contract, there still remained due plaintiff the sum of $200; that plaintiff has presented his claim to the commissioners' court of Nacogdoches county for said sum of $200; and that said commissioners' court has rejected the payment thereof.

"Plaintiff further represents that G. A. Blount, under said contract with the said McKnight, furnished teams and hands and scrapers to do a number of days' work on said road, and that the said Blount had a settlement with said McKnight, in so far as the time and teams were concerned, and that all amounts paid by the county of Nacogdoches to said Blount were deducted from the amount to which he was entitled for the work done, and there remained due

said Blount the sum of $93.75, and that said Blount presented his claim for said amount to the commissioners' court of Nacogdoches county, the payment of which was rejected by said court, and plaintiff, since the rejection of said claim, has purchased same from said Blount, and has a written transfer therefor, and therefore brings suit for said amount in addition to the $200 due him individually.

"Plaintiff further represents that the said H. W. Spradley, R. D. Burrows, and Josh Henson, acting together, under their said contract with said McKnight, performed work upon said road and furnished teams and hands thereon, and that, after deducting the amount that said county of Nacogdoches paid them for said work, there remained due, under the terms of said contract, the sum of $100, and that said parties presented said claim for said amount to the commissioners' court of Nacogdoches county, and said court refused the payment thereof, and plaintiff, since said refusal, has purchased said claim and has a written transfer to same, and includes same in this suit.

"Plaintiff further represents that, if the commissioners' court of Nacogdoches county had set aside an equal amount to the amount donated by private subscription to be expended upon said road, there would be sufficient remaining of said fund to pay the above three claims, and that said McKnight had authority, as commissioner as aforesaid, after said donations were paid in, to contract and expend upon said road said private donations, together with an equal amount out of the road and bridge fund of Nacogdoches county, by reason of the contracts made by the said McKnight, commissioner as aforesaid, for work to be performed, and which was performed, upon said above-described road.

"Wherefore, plaintiff prays that, upon a final hearing hereof, he have judgment against the defendant, Nacogdoches county, for the sum of $393.75, with 6 per cent. interest thereon from September 1, 1911, together with all costs, and for such other and further relief as he may be entitled to either in law or equity."

Plaintiff, by his first assignment of error, assails the action of the court in sustaining the general demurrer to his petition.

[1] Section 4 of the special road law for Nacogdoches county, which was in force at the time plaintiff's cause of action arose, reads as follows:

"Private donations are hereby solicited, to be expended upon the public roads of said county, and when a private donation is made for any road precinct in said county the commissioners' court shall immediately set aside from the treasury of said county, out of the road and bridge fund, an equal amount to the amount donated by such private subscription, and the same, together with the private donation, shall be expended upon the road precincts designated by the donor or donors of such fund."

It is alleged in the petition, and for the purposes of the demurrer the allegation must be taken as true, that certain citizens of the county donated $1,200, which they paid to the proper authorities, to be expended in working and grading a public road in a certain road precinct, and that an equal amount of the road and bridge fund of the county was available, but that the county only appropriated and expended $800 upon said roads. He further alleged that one W. B. McKnight was the duly elected, qualified, and acting county commissioner of the commissioners' precinct within which said road precinct is situated, and that as such he had

supervision of said road, and had authority to employ labor for the improvement of said road, and that he employed plaintiff, and other persons whose claims he holds, to render certain services in the improvement of said road, and it is for the value of such services that he sues. It appears from the allegations of the petition that the amount appropriated by the county was $400 less than that donated by the citizens, and that this sum was in excess of the amount sued for by plaintiff.

When the citizens of the road precinct donated $1,200 to be expended in working the road, and paid this amount to the proper authorities, as the petition alleged they did, it then became the duty of the commissioners' court, under the section of the road law above copied, to appropriate an equal amount of the road and bridge fund and expend it for the same purpose. It is not our purpose to inquire or determine how the county, if there were not sufficient funds available from which an amount equal to the donation could be appropriated, could extricate itself from the dilemma that would arise. That question is not now before us, because the petition alleges, and we must assume it to be true, that such funds were available. But if the commissioners' court neglected to appropriate an amount equal to the donation, as was its duty to do under the law, could it not, after appropriating two-thirds of that amount, authorize and direct the commissioner, having charge of the improvement in the road precinct in which the road in question was situated, to employ men with teams and scrapers to perform services in the improvement of the road and to incur liability therefor in a sum not in excess of the one-third for which it failed to make a direct appropriation? Would not services performed under contract with and direction of the commissioner having charge of the particular road, and who had authority from the commissioners' court to make such contract and secure such services, be tantamount to an appropriation and bind the county for the payment thereof? We think both questions should be answered in the affirmative, especially in view of the allegations of plaintiff's first supplemental petition, which alleges that the county had "accepted, obtained, and received the benefit of the labor and work so done on said public road by plaintiff and the other parties named."

[2, 3] It seems to us that the question of whether plaintiff's petition states a cause of action depends upon the allegation of the source of the commissioner's authority to incur the obligations set out in the petition. If it is charged that such authority was derived from the special road law in question, then the petition is bad on general demurrer, for no such authority is conferred by the law; but, if it should be construed that he derived such authority from the commissioners' court, then we think the petition

states a cause of action. It is the rule that, when a general demurrer to a petition is interposed, all reasonable intendments must be resolved in favor of the pleadings. Tested by this rule, we think that the allegations as to the source of authority of the commissioner, McKnight, must be construed as an allegation that such authority was derived from the commissioners' court, and not from the law. This leads us to the conclusion that the petition was good as against a general demurrer, and that the action of the court in holding to the contrary was an error that requires a reversal of the judgment.

The second assignment complains of the action of the court in sustaining appellee's first special exception to his petition. The ground of the exception is that the petition does not allege the specific order of the commissioners' court authorizing the commissioner, McKnight, to contract for the services performed by appellant and the others, whose claims he holds. The assignment is overruled. Appellee had the right to require appellant to definitely state in the petition the particular order or act of the commissioners' court which appellant contended authorized McKnight to contract for the services and to incur the liability of the county therefor. The allegations, while sufficient, in the absence of a special exception, to let in proof, were subject to a special exception as being too general and indefinite.

The third assignment complains of the action of the court in sustaining appellee's second special exception to his petition.

[4] The assignment must be sustained, for the reason that the pleading denominating an exception is not an exception at all but a defensive pleading.

For the error in sustaining the general demurrer, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.