**RANKIN v. PARKER.** (No. 7947.)

Court of Civil Appeals of Texas. San Antonio. Feb. 29, 1928.

1. **Appeal and error** ⊜➾742(1)—**Assignments on which no proposition nor statement has been made will be treated as waived (Courts of Civil Appeals (rules 29, 30, 31).**

Under rules 29, 30, and 31 of Courts of Civil Appeals, assignments on which no proposition nor statement has been made will, on appeal, be treated as waived.

2. **Exchange of property** ⊜➾8(3)—**Petition in suit for damages resulting from exchange of property due to defendant's alleged misrepresentations as to irrigability of land and failure of title to part thereof held not subject to general demurrer.**

In action to recover damages resulting from exchange of lands because of defendant's alleged misrepresentations that all of lands exchanged by him were irrigable lands and because title failed to part thereof which was of greater value than the balance of the land, petition *held* not subject to general demurrer.

3. **Pleading** ⊜➾193(2)—**If petition shows good cause of action against general demurrer, demurrer must be overruled, though cause was based on erroneous theory.**

If the petition shows a good cause of action against a general demurrer, the demurrer must be overruled, even though the cause of action was based on an erroneous theory.

4. **Pleading** ⊜➾193(8)—**Petition is not subject to general demurrer where otherwise good because claiming improper measure of damages.**

Where petition claims an improper measure of damages a demurrer should be sustained, but no general demurrer will be sustained where there is otherwise stated a good cause of action, since in such case the defect must be pointed out by special exception.

5. **Pleading** ⊜➾428(2)—**Defect in petition could not be raised by objecting to testimony for first time on trial and by moving court to strike it.**

The question of defect in a petition could not be raised by objecting to the testimony on the particular point for the first time on the trial and by moving court to strike it out.

6. **Evidence** ⊜➾474(18)—**Witness may testify as to market value of land, though he does not know of a particular sale.**

Witness may testify as to market value of land, though he states on cross-examination that he does not know of single sale of land in locality, within the past year; weight and value of his testimony being for jury.

7. **Trial** ⊜➾139(1), 140(1)—**Credibility of witness and weight of his testimony is for jury.**

The credibility of the witness and weight and value of his testimony is for the jury.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by W. L. Parker against A. E. Rankin. From the judgment, defendant appeals. Affirmed.

E. T. Yates, of Brownsville, for appellant.

Myrick & Coursey, of Harlingen, for appellee.

COBBS, J. This suit was instituted in the district court of Cameron county, Tex., by W. L. Parker, appellee, against A. E. Rankin, appellant, on November 9, 1926. Appellant thereafter filed his original answer in the form of a general demurrer and general denial. On January 2, 1927, appellee filed his first amended original petition, and on January 18, 1927, appellant filed his first amended answer and a general demurrer and general denial and special answer and cross-action, and on the day of trial amended said answer by interlineation, admitting that title failed to 14.26 acres of 68 acres of land sold to the appellee by appellant, but alleged the value thereof to be only $165 per acre instead of the value set up by the appellee.

The cause was tried on plaintiff's first amended petition, defendant's first amended answer, after amending by interlineations on the day of trial, as hereinabove set out, and upon plaintiff's first supplemental petition. Appellee alleged: That in August, 1925, he was the owner of 240 acres of land situated in Greer county, Okl., and that appellant claimed to own 68 acres of land situated in Cameron county, Tex., which land the appellant valued at $250 an acre, or at a total of $17,000, and the appellee valued his equity in said land in Greer county, Okl., at $10,000. That appellant represented to the appellee that all of said 68 acres described in appellee's petition was in the territorial limits of the San Benito irrigation district, and being Cameron County water improvement district No. 2, and that upon payment of proper wa-

ter charges could be irrigated. That relying upon said representations, appellee executed deed to the nominee of appellant in Greer county, Okl., to his 240 acres of land upon appellant's agreement to deed to appellee said 68 acres of land, said appellant or his nominee assuming $6,000 of the said $7,750 then against the 240 acres, and join the appellee in the execution of a note at a bank at Oklahoma for $1,000, and appellee was to execute, and did later execute, his note to appellant for the sum of $7,000, due January 1, 1931, and in the deed executed to him by appellant assumed a mortgage outstanding against said property in the sum of $1,000.

Said petition further alleged that at the time that appellant sold or traded said land to the appellee, and appellee sold or traded the 240 acres of land to appellant, that as a part of the consideration to induce the appellee to surrender said premises to the appellant during the fall of 1925, so that appellant could have possession of said premises for the crop year 1926, appellant agreed and promised to appellee that he would place in cultivation and have ready to plant by the early part of January, A. D. 1926, 50 acres of land in Cameron county, Tex., 10 acres to be planted in beans and 10 acres in tomatoes and 30 acres in potatoes, for which the appellant agreed to furnish seed and have same ready to plant for the winter season of 1926, and that appellant and appellee would go fifty-fifty on what they could make on same, and· that upon the failure of appellant to so keep said agreement appellee was damaged in the sum of $5,500, the various items shown in said petition.

Said petition further alleged that at the time said transaction was closed and possession to the 240 acres of· land delivered to the appellant by appellee appellant agreed to pay the appellee:

For a wheat crop then growing· upon a part of said 240 acres the sum of.................... $200
For money advanced to appellant during the spring of 1926............................. 200
Money advanced J. C. Phillips for appellant.... 50
Boarding a hand for appellant for 6 months.... 150
Labor for clearing land, etc., for appellant..... 200

. Petition further alleged: That the title to 15 acres of said land failed, and that the same was all of the land upon said premises that was in cultivation and was of exceedingly high value, and that the way the line ran, to take the said 15 acres off of the tract would injure the value of the other land, and that said land was worth the sum of $300 per . acre to the said 68 acres, or a total of $4,500. That appellee was damaged, by reason of failure of 53 acres of said land to irrigate in accordance with .the representations made by the appellant, the sum of $7,200.

In appellee's petition he admitted that he would owe the appellant certain sums of money to settle, amounting to $1,042.75, and the $7,000 in a vendor's lien note would be due the 1st of January, 1931.

Appellee prayed: For $4,500, value of 15 acres of land to which title failed. For $7,-200, damages sustained by reason of 53 acres of land being nonirrigable. For $5,500, damages on account of breach of .contract to furnish land cleared and ready to plant in potatoes, beans, and tomatoes for the season of 1926. For $800 for other items, being for a wheat crop, $200·; money loaned, $200; money advanced to J. C. Phillips, $50; boarding hand for appellant, $150; labor for clearing land and building fence, etc., $200—total, $800, and asked that any judgment obtained against the appellant be credited with the items which he admitted owing appellant, being $1,042 as shown under paragraph 10 of amended petition, and the note of $7,000, making total which he asked to be charged against any judgment he obtained against the appellant over $8,042, and prayed that said $7,000 note be canceled and that his title to the remaining 53 acres of land be quieted as against said note and any claim of the appellant.

In appellant's first amended answer he alleged that the appellee was indebted to him for certain items set forth in said amended answer, in the sum of $2,746.50; denied that title to any of said land had failed, but on the day of trial, this part of the pleading was amended by interlineation to show that he had admitted that title had failed to 14.28 acres of said land, which 14.28 acres of land he alleges to be of the reasonable value per acre of $165, and offered to credit the $7,000 note of the appellee with the value of said land at $165 per acre, total $2,356.20, and says that the trade price for said land was $6,000 in vendor's lien note given by appellee and the appellee's equity in the Oklahoma property which the appellant alleged is not over $5,000, alleging that in that case the total consideration paid for the 68 acres' of land by appellee was $11,000 instead of $17,-000, reaching this conclusion by placing what he says is a reasonable value upon the appellee's equity in the Oklahoma land. Appellant alleges that he made no representations that said 68 acres of land was in any · irrigation district nor that it was irrigable, but he did represent to the appellee and assured him that appellant would have said land put under irrigation, at his own cost, at any time the appellee so desired; and further alleged, that he has been ready and willing at all times to do so, and remains ready to do so.

Appellee denies owing the items set forth in appellant's amended answer, but says that . the $1,000 referred .to therein, for which appellant says he paid a note for appellee in the sum of $1,000. Appellee alleges that the appellant took care of $1,000 above the amount that he originally agreed upon, but that ap-

pellee added $1,000 to the $6,000 note that was to be given upon the 68 acres of land, making $7,000 vendor's lien note executed by appellee to appellant upon the 68 acres of land, and that said $1,000 taken care of by said appellant was paid by the appellee adding $1,000 to the original amount of the note that he had agreed to give, this is, he gave a $7,000 note instead of $6,000. Appellee further alleges in his supplemental petition that, if appellant was ready and willing to put said land under irrigation, as alleged in his amended answer, appellee would accept same and deduct from the damages sought any sum claimed by reason of failure of said land to irrigate. This supplemental answer was filed on January 20, 1927, and nothing further was done toward putting said land under irrigation, but appellant testified that he was still ready and willing to put it under, although the case was not tried until March 21, 1927, and nothing had been done toward putting said land under irrigation during the 60 days' time after the appellee had agreed to accept the land if put under irrigation.

The court overruled all exceptions, special and general. Thereupon the case was submitted to the jury on special issues. The jury found the 14.28 acres to which title failed to be of the value of $300 an acre. It found the 53 acres without irrigation was of the value of $100 an acre. It found that appellant represented said 68 acres was irrigated. It found appellant priced the 68 acres at $250 an acre when the exchange was made. It found appellee's 240 acres was of the value of $65 an acre. It found against appellee on claim for crop damage. Upon these findings the court entered judgment for $300 an acre on the 14.28 acres to which title had failed, and judgment for the difference between the 240 acres at $65 an acre and 53 acres at $100 an acre. The $7,000 of notes appellee owed appellant were canceled and appellee given a deficiency judgment for the balance. From that judgment appellant appeals.

[1] Appellant has made no proposition nor statement on assignments 1, 2, 3, 4, 5, 6, 7, 8, 12, and they will be treated as waived. Rules 29, 30, and 31.

[2] Appellant's first proposition of law presents his contention that his general demurrer should have been sustained to the entire petition. We do not think so. No proper assignment of his complaint that the court committed error in overruling it is set out in his brief, nor is there any reference in this proposition directing our attention to any such assignment.

The petition, among other things, shows that all of said items of debt and damages grew out of the transaction wherein plaintiff had sold or traded to the defendant 240 acres of land in said state of Oklahoma, in which land plaintiff claimed to have an equity of $10,000 after the payment of mortgages in

the sum of $7,000, and defendant sold or traded to the plaintiff 68 acres of land in Cameron county, Tex., at the stated and agreed price of $250 per acre upon the representations by the defendant that all of said 68 acres of land was irrigable land and within the territorial limits of Cameron County water improvement district No. 2, and was entitled to irrigation by reason thereof, and in which petition it was alleged that the 15 acres of land to which title failed was in cultivation and all of the land that was on said premises that was in cultivation, and was of greater value than the balance of said land by reason that the same was resaca land and was in a high state of cultivation and was of the reasonable value of $300 per acre. The proposition is one that shows the particular ground of objection to be one that should have been presented by special exception if there was any merit in it at all. The petition is not subject to a general demurrer.

Appellant's second proposition under his assignments 12, 14, 15, and 16, which challenge the right of appellee to recover damage the difference between land with and without irrigation, or the difference between $250 an acre and $100 an acre on the 53 acres, or to prove and recover judgment on the difference between the value of the land he exchanged and the value of the 53 acres, is overruled. This proposition is not germane to any issue of fact in the case, but raises a question of law that was overruled when appellant's general demurrer was disposed of. It is raised and discussed on the alleged error of the court in overruling the general demurrer, and all such kindred propositions are overruled.

[3] If the petition shows a good cause of action against a general demurrer, even though the cause of action was based upon an erroneous theory, it must be overruled.

N. W. National Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185, holds that:

"A defective statement of a cause of action, if amendable, is good against a general demurrer."

In the case of S. W. Portland Cement Co. v. Latta & Happer (Tex. Civ. App.) 193 S. W. 1115, the court used this language:

"If a petition to which general demurrer was filed stated a cause of action in any particular, the demurrer was properly overruled." Earle v. Earle (Tex. Civ. App.) 268 S. W. 232: "General demurrer to a petition is properly overruled, where parts of petition state a cause of action."

In the case of Swartz v. Park (Tex. Civ. App.) 159 S. W. 338, the court used this language: "A petition, which alleged the plaintiff's damage to be the full compensation allowed by a contract for lots sold by others, is not subject to general demurrer, since it is

not necessary to plead the measure of damages."

It is held in the case of Thompson v. Mills, 45 Tex. Civ. App. 642, 101 S. W. 560, that a petition showing a good cause of action will be held good against a general demurrer, though it discloses that the action was brought on the wrong theory. In the cases of Millard v. Nacogdoches County (Tex. Civ. App.) 170 S. W. 828, and S. W. Portland Cement Co. v. Latta & Happer (Tex. Civ. App.) 193 S. W. 1115, the courts announce the following doctrine:

"On a general demurrer to a petition all reasonable intendments must be resolved in favor of the pleading."

The court held in the case of Celli v. Sanderson (Tex. Civ. App.) 207 S. W. 179:

"Pleadings not objected to below, except by interposition of general demurrer, on appeal will be given most liberal construction consistent with their terms, every reasonable intendment being indulged in their favor, a rule particularly applicable to a bill in equity."

In the case of Posey v. Hanson (Tex. Civ. App.) 196 S. W. 731, the court states:

"If a petition to rescind a sale of real estate and cancel deeds and recover compensation for personal services was defective in other respects, but stated a cause of action for the personal services, a general demurrer should have been overruled."

In the case of Sovereign Camp, Woodmen of the World, v. Piper (Tex. Civ. App.) 222 S. W. 649, it was held:

"A general demurrer admits the facts pleaded to be true, but denies that they constitute a cause of action or ground of defense, and, if enough is stated to enable the court to see that a good cause of action exists, however defectively, the insufficiency or defectiveness of the averment cannot be taken advantage of by a general demurrer."

It was held in the case of Chapman v. Mooney (Tex. Civ. App.) 257 S. W. 1106:

"Every reasonable intendment should be read into the petition, when assailed by general demurrer, and any lack of formal averment reached by special exception."

It was held in City of Austin v. Schlegel (Tex. Com. App.) 257 S. W. 238:

"District and county court rule 17, requiring that in passing upon a general demurrer every reasonable intendment arising from the pleading excepted to shall be indulged in favor of its sufficiency, will be followed by the appellate courts."

In Stovall v. Texas Co. (Tex. Civ. App.) 262 S. W. 152, the court states:

"Where a pleading is tested by a general demurrer, every reasonable intendment from the allegations, taken as a whole, will be indulged."

In the case of Cochran v. People's National Bank (Tex. Civ. App.) 271 S. W. 433, the court has used practically the same language, as follows:

"Every reasonable intendment arising on pleading excepted to is indulged, as against a general demurrer, in favor of its sufficiency."

The petition states at very great length and in very minute and lengthy detail all the facts connected with the transaction and growing out of the contract of sale and the exchange of property.

[4] Of course, as stated in Western Union Co. v. Steele (Tex. Civ. App.) 110 S. W. 546, where a petition claims an improper measure of damages a demurrer should be sustained, but no general demurrer will be sustained where there is otherwise stated a good cause of action. In such a case the defect must be pointed out by special exception.

[5] The question of defect in the petition could not be raised by objecting to the testimony on the particular point for the first time on the trial and by moving the court to strike it out. The testimony was admissible under the general allegations of the petition whether erroneously stated or not.

For reasons already stated, we overrule appellant's second proposition, under assignments 12, 14, 15, and 16, raising the question that appellee could not recover damages for the difference between the land with and without irrigation or the difference between $250 an acre and $100 an acre on the 53 acres, or on the difference between the land he exchanged and the value of the 53 acres. It will be permitted to stand if a good cause of action is otherwise stated. To the same effect is his first proposition of law under his general demurrer.

This is indirectly calling in question the same defect alleged in the pleading which was raised by general demurrer already passed upon, so those propositions are overruled as without merit.

[6, 7] His third proposition under his ninth, tenth, eleventh, and thirteenth assignments of error is to the effect, when a witness testifies he knows the market value of land and states it, but says on cross-examination that he does not know of a single sale of land in the locality, or the value of crops grown on the land the previous year, the testimony should be stricken out on objection. No legal ground for such position or authority supporting such contention is stated. The substance of the testimony is that they know the market value of land and that market value is from $70 and $75 per acre, and on cross-examination, one or more of said witnesses testified that he does not now recall any particular sales in that particular locality during the year on or about the time the transaction between plaintiff and defendant, and one or more of said witnesses testified that

he does not recall more than one sale in that locality within the past year, and said testimony does not disclose whether or not a number of sales were made previous to that year, nor that there has been any change in the market value of said property within the last year. German-American Insurance Co. v. Paul, 2 Ind. T. 625, 53 S. W. 442; Union Elevator Co. v. Kansas City Suburb Belt Ry. Co., 135 Mo. 353, 36 S. W. 1071; Schrodt v. City of St. Joseph, 109 Mo. App. 627, 83 S. W. 543; M., K. & T. Ry. Co. v. Murray (Tex. Civ. App.) 150 S. W. 217; Callen v. Collins (Tex. Civ. App.) 154 S. W. 673; Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042.

The objection is not maintainable; it is a matter for the jury to pass on as to the weight or value of the testimony as well as the credibility of the witness.

Appellant concedes that the assignments which challenge the damage as the difference between the Cameron county land with and without irrigation are based upon the pleadings and ruling of the court. The entire basis of appellant's objections, many times urged, have been raised only by general demurrer and disposed of for the reasons heretofore given.

The jury answered to the special issues submitted by the court:

"First. That the value of the 14.28 acres of land to which title failed was $300 per acre.

"Second. That at the time of the trade Parker and Rankin valued the 68 acres at $250 per acre.

"Third. That Rankin represented that the land was irrigable land.

"Fourth. That the value of the land to which title did not fail was $5,342.

"Fifth. That the market value of the 240 acres in Greer county, Okl., was $65 per acre, or $15,600."

There is nothing in the record, as presented to this court, impeaching or attacking the answer of the jury to these special issues. There is not an assignment presented to this court under which the action of the jury could be reviewed. Scott v. Farmers' & Merchants' Nat. Bank (Tex. Civ. App.) 66 S. W. 485; Smith v. Hessey, 63 Tex. Civ. App. 478, 134 S. W. 256; Essex v. Mitchell (Tex. Civ. App.) 183 S. W. 399; Houston E. & Wt T. Ry. v. Hooper (Tex. Civ. App.) 184 S. W. 347; Texas & N. O. R. Co. v. Weems (Tex. Civ. App.) 184 S. W. 1103; Blackwell v. Vaughn (Tex. Civ. App.) 176 S. W. 912; West Texas Supply Co. v. Dunivan (Tex. Civ. App.) 182 S. W. 425; First Texas State Insurance Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165; Messimer v. Echols (Tex. Civ. App.) 194 S. W. 1171; Richmond v. Hog Creek Oil Co. (Tex. Civ. App.) 229 S. W. 563; International & G. N. R. Ry. Co. v. Biles & Ruby, 56 Tex. Civ. App. 193, 120 S. W. 952; Arlington Heights Sanitarium v. Deaderick (Tex. Civ. App.) 272 S. W. 497; M., K. & T. R. Co. v. Blachley, 50

Tex. Civ. App. 141, 109 S. W. 995; Texas & Pacific Ry. Co. v. Jowers (Tex. Civ. App.) 110 S. W. 946; Davidson v. Jones et al. (Tex. Civ. App.) 196 S. W. 571; Martinez v. Gutierrez Heirs (Tex. Civ. App.) 172 S. W. 766; Bomar v. Powers (Tex. Civ. App.) 50 S. W. 142; St. Louis & S. F. Ry. Co. v. Finley (Tex. Civ. App.) 163 S. W. 104.

In entering judgment on the findings of the jury and other testimony adjusting the accounts and differences between the parties, the court recited:

"It is the further opinion of the court that the other items of accounts set forth by plaintiff and defendant in their petition and answers should not be adjusted, as there was not sufficient testimony upon either of said items to permit them to be submitted to the jury.

"It is therefore the opinion of the court that the plaintiff, W. L. Parker, should have and recover of and from the defendant, A. E. Rankin, judgment for the sum of $9,665.25 after adjusting the accounts between said plaintiff and defendant, and that upon said judgment of $9,665.25 said defendant should have a credit of said note of $7,000, leaving a balance on said judgment against the defendant, after all credits, including said $7,000 note, of $2,665.24.

"It is therefore ordered, adjudged, and decreed by the court that the $7,000 note executed by W. L. Parker on the 1st day of December, 1925, to the said A. E. Rankin, as a part of consideration for the following described land, situated in Cameron county, Tex. [description omitted here], containing 67.7 acres, more or less, be and the said note is hereby canceled, discharged, set aside, and held for naught, and the said defendant given credit upon the judgment of $9,665.25, which the court finds the plaintiff entitled to herein; and it is further ordered, adjudged, and decreed by the court that, in addition to the cancellation and satisfaction of said $7,000 note, the plaintiff have and recover of and from the defendant, A. E. Rankin, an additional judgment of $2,665.25 and the costs of this suit, for all of which let execution issue in due time.

"It is further ordered, adjudged and decreed by the court that the title of the said W. L. Parker to the above described tract of land, less 14.28 acres [described, but not copied herein] more or less, be and the said title of the said W. L. Parker to said remaining 53.42 acres of land is hereby quieted in the said W. L. Parker in so far as the same is affected by said $7,000 note executed by the said W. L. Parker and delivered to the said A. E. Rankin on the 1st day of December, 1925, and said land is fully released and discharged from any lien claimed or right of said defendant or any one claiming, attempting to claim by, through or under him, by reason of said $7,000 vendor's lien notes."

There is no alleged error assigned as to the ruling of the court and none to the findings of the jury that shows error that was reasonably calculated to cause or did probably cause the rendition of an improper judgment.

The answers of the jury are in response to the evidence, and no assignment in the brief seeks to set aside their answers to the special

issues, which answers are conclusive on the parties, hence there has been no error of law committed by the court that should require a reversal, and, as the assignments point out no error of law committed that should require a reversal, they are severally overruled and the judgment is affirmed.