### RANKIN v. PARKER. (No. 8283.)

Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1929.

Rehearing Denied Jan. 15, 1930.

E. T. Yates, of Brownsville, for appellant.
Myrick & Coursey, of Harlingen, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover of appellant and N. O. Miller a judgment for $3,100.23, and to foreclose an attachment lien on two tracts of land in Cameron county, containing about 70 acres. The court rendered judgment as prayed for by appellee, and decreed that appellant recover nothing on his cross-action on a $7,000 note. Miller was dismissed from the cause. There is no statement of the nature and result of the suit by appellant, as contemplated by the rules as to briefing, but the brief at once launches into a statement of the testimony of some of the witnesses, mixed with argument and conclusions.

The judgment upon which this suit is based was rendered in a suit between appellee and A. E. Rankin, and the cause was appealed to this court and the judgment affirmed. Rankin v. Parker, 4 S.W.(2d) 227. We copy the following statement from the former opinion:

"The jury found the 14.28 acres to which title failed to be of the value of $300 an acre. It found the 53 acres without irrigation was of the value of $100 an acre. It found that appellant priced the 68 acres at $250 an acre when the exchange was made. It found that appellant represented said 68 acres was irrigated. It found appellee's 240 acres was of the value of $65 an acre. * * * Upon these findings the court entered judgment for $300 an acre on the 14.28 acres, to which title had failed, and judgment for the difference between the 240 acres at $65 an acre and 53 acres at $100 an acre. The $7,000 of notes appellee owed appellant were canceled, and appellee given a deficiency judgment for the balance."

There had been an exchange of lands between A. E. Rankin and appellee; that of appellee being 240 acres in Oklahoma, and that of Rankin being 68 acres of land, more or less, in Cameron county, Texas; and in the exchange appellee had executed to Rankin a promissory note for $7,000. That note was canceled by the judgment in the cause formerly appealed to this court, and on which appeal the judgment was affirmed. Appellant seeks in this suit to evade the cancellation of the note in the former suit, by alleging that the note had been transferred to a bank and then in part transferred to him. The bank does not appear in the suit, and makes no claim to any part of the $7,000 note. The evidence clearly indicates an attempt to evade the force and effect of the cancellation of the note heretofore adjudicated, and it can reasonably be inferred that the transfers were

made in view of the former judgment and to prevent the collection thereof.

The note was not permitted in evidence, and there was no evidence of its indorsement by A. E. Rankin and Ida B. Rankin, his wife, to appellant or any one else. There is no testimony to show that the First National Bank of Brownsville was an innocent purchaser of the note for value and without notice. The bank had full notice of the pendency of the suit to cancel the note when the pretended purchase was made. The land attached was not the homestead of appellant. In the allegation it was stated that the note was indorsed to the bank on November 3, 1926. The former suit was pending at that time. The notice of lis pendens filed by appellee is alleged to have been filed six days after the indorsement of the note to the bank, and no consideration was alleged for that indorsement. It was alleged by appellant that, after notice of the suit to cancel the note, A. E. Rankin and Ida B. Rankin, on December 3, 1926, transferred the note and vendor's lien, by written assignment, to the bank. The evidence showed the assignment was signed by A. E. Rankin in December, 1926, but the bank did not get her name to the assignment until January, 1927. Sellers, vice president of the bank, claimed that note was secured as collateral, and that it was afterwards sold and bought by the bank on August 13, 1927. The judgment canceling the note was rendered more than four months before the purchase of it by the bank.

The court did not err in not permitting appellant to introduce in evidence the note. Appellant had failed to show that he was the owner of the note, the cancellation of which had been made by the court in a former judgment. The first proposition is overruled. No bill of exception was reserved to the action of the court in excluding the contract between appellant and Sellers. The second proposition is overruled.

The third and fourth propositions are overruled, as they are without merit.

The judgment is affirmed.