### W. R. PACE v. L. R. ORTIZ, DISTRICT CLERK, ETC.

#### No. 2604.

1.   **Jury Scrip—Mandamus.**—It not being made by law the ministerial duty of a clerk to deliver certificates evidencing jury service or service as bailiff to any person other than to those who rendered the services, the law will not compel him by mandamus to deliver them to any other person.

2.   **Limitation as to Jury Services.**—The question raised but not decided whether limitation will run against jurors and in favor of the county for jury fees.

APPEAL from Webb.   Tried below before Hon. J. C. Russell.

A statement of the case appears in the opinion.

*J. O. Nicholson,* for appellant.— 1.   The duty demanded of the defendant by the plaintiff is one which is devolved upon him by the statute

and is purely ministerial.    Rev. Stats., arts. 986, 1109, 1156, 3104, 3105,. 3106, also 961–967.

2.    The issuing of the certificates or warrants being a purely ministe-- rial act, the defendant can not invoke the statute of limitations to shield him in his negligence.    Under the facts as alleged in plaintiff's petition and the law as enunciated by this court in the case of Leech v. Wilson County, 62 Texas, 331, and other cases, the statute would not begin to run until the county had in some way repudiated the claim, and there being nothing in the record to disclose any act of repudiation the same was not barred.

*McLane & Atlee,* for appellee.—The right to demand the warrants ac-- crued as soon as the services were performed, and four years having elapsed before the filing of the suit the action was barred.    Rev. Stats., arts. 3203, 3205, 3207.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant to compel appellee, who is alleged to be the clerk of the District and County Courts for Webb County, to issue to him as assignee certificates for ser- vices rendered by many persons as jurors and bailiffs during a period more than four years before the action was brought.

The names of the persons alleged to have served as jurors or bailiffs, and all facts necessary to show that such persons were once entitled to the compensation now claimed by the appellant as their assignee, are stated in the petition.

The defendant filed a general demurrer and two special exceptions.    The first of these special exceptions questions the right of appellant to compel the clerk to issue certificates to one as assignee who has purchased from a juror or bailiff his right to compensation for services.    The other in-- terposes the defense of stale claim and the statutes of limitation of two and four years.

The court overruled the general demurrer but sustained the special exceptions, but the reason assigned in judgment for doing this was that the cause of action was barred by limitation of four years.    There being no request for leave to amend judgment was rendered for defendant, and the only question before us is, did the facts pleaded entitle the appellant to have issued to him as assignee the certificates which he asked that the clerk be so compelled to issue to him?

The statute prescribes the compensation that shall be paid to jurors and bailiffs.    Rev. Stats., art. 3104; Code Crim. Proc., art. 1084.

In reference to jurors it provides that "the amount due to jurors shall be paid by the county treasurer upon the certificate of the District or County Court in which such service was rendered, which certificate shall

state the service, when rendered, by whom rendered, and the amount due therefor." Rev. Stats., art. 3105.

Bailiffs are entitled to be paid in the same manner and on certificates stating the same facts. Code Crim. Proc., art 1085. From this legislation it will be seen that the law does not make it the duty of a clerk of a District or County Court to pass upon the validity of a transfer by a juror or bailiff of the right such person may have against a county for services, and to issue to an assignee any certificate evidencing his right as such; nor does the law require such clerk to deliver to a person claiming to be the assignee of a juror's or bailiff's claim for services a certificate such as the juror or bailiff may be entitled to.

We understand from the petition that appellant demanded that appellee should, and now seeks to compel him to deliver to him certificates that will evidence his right as assignee to the several sums claimed originally to be due to the jurors and bailiffs named. Before the clerk could do this, if he had the power, it would be necessary for him to pass on the validity of the several transfers through which appellant claims, thus exercising judgment or discretion. If the clerk had the power to do this the courts would not control him in this respect through a writ of mandamus, but would leave appellant to his ordinary legal remedies. A clerk, however, has no power or right conferred upon him to pass upon the validity or genuineness of the claim of an assignee to the sum due to a juror or bailiff, and should he exercise such a power it would be at his peril.

If, however, appellant only sought to have delivered to him certificates drawn in strict accordance with the statute, and evidencing only the right of such persons as were entitled to compensation for services rendered as jurors or bailiffs, even then we are of opinion that the clerk might properly refuse to deliver them to him, and that he could not be compelled to do so through a writ of mandamus.

Such certificates as the law provides shall issue as evidence of right to withdraw from the county treasury money as compensation for services rendered as juror or bailiff are by statute expressly made transferrable by delivery. Rev. Stats., art. 3106; Code Crim. Proc., art. 1086.

It would be the duty of a county treasurer to pay them to any person who should present them, in the absence of knowledge that such person was not lawfully holding them or of some fact that would make it his duty to inquire as to this.

Title to such certificates passing by delivery, and it not being made by law the ministerial duty of a clerk to deliver them to any person other than the one who rendered services, the law will not compel him to deliver them at his peril to any other person and thus clothe such person with apparent power to collect them.

Whatever may have been the form of the certificates appellant demanded the clerk should issue and deliver to him, his demand was for

the performance of acts which the law does not make purely the ministerial duty of appellee as clerk, and for this reason both the general demurrer and first special exception should have been sustained.

If appellant be the owner of the claims on which he bases this action, then he has other adequate remedy than that now sought, and this of itself would be a sufficient reason why a writ of mandamus should not be awarded.

The court below sustained the defense of limitation, and it has been held that this defense might be made by a clerk in a case very similar to this. Prescott v. Gowser, 34 Iowa. 179. In the case cited it was held that the statute of limitations would operate in cases of this character from the time the person who had the right to have the act performed might legally have demanded its performance.

The statute under which the decision was made was however somewhat peculiar; and as this case stands we do not deem it necessary to pass on the ruling of the court below sustaining the defense of limitation, for the judgment must be affirmed without reference to that ruling.

*Affirmed.*

Opinion January 18, 1889.