## LON RATLIFF v. MRS. W. C. TINER.

Decided May 1, 1907.

**Harmless Error—Appeal—Amendment.**

No ground for reversal of a judgment on appeal from Justice Court appears from the sustaining of exception to an amended plea setting up the specific details of the defense of payment, pleaded only in general terms in the court below, though the exception was presented after announcement of ready for trial and defendant thereupon was refused a continuance on the ground of surprise and leave to file a trial amendment, when the record showed that such defense of payment was submitted to the jury and does not show that defendant's evidence on that issue was not admitted under his general plea.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*Edgar W. Bounds,* for appellant.

*Wm. Shelton,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit originated in a Justice of the Peace Court, and was finally tried in the County Court, where a judgment was rendered for the plaintiff for $50 and foreclosure of a landlord's lien. In the Justice's Court the defendant, in addition to his general denial, pleaded payment, and in reconvention for damages. In the County Court the defendant filed an amended answer pleading payment in general terms, as in the first answer, and also pleaded the facts relied on to show payment. The court sustained exceptions to those parts of the answer which went into detail and stated the facts relied on to establish payment, and that ruling is assigned as error, but the only proposition presented under the assignment is that the exception was too late, because it was not presented until after the parties had announced ready for trial and the pleadings had been read to the jury. While it may have been irregular to consider the exception to the answer at that time, we see no reason to suppose that the ruling then made resulted in any injury to appellant. His general plea of payment was not stricken out and was submitted by the court's charge to the jury. There is no statement of facts in the transcript, nor is it shown that

the court refused to permit appellant, under his general plea of payment, to make any proof he desired.

For aught that appears in the record, it may be that he put in all the evidence under his general plea of payment that would have been offered under the plea that was stricken out. And for the same reason we hold that reversible error is not shown on account of the refusal of the court to permit appellant to file a trial amendment; nor the refusal to permit him to withdraw his announcement of ready for trial and continue the case on account of surprise. The record indicates that the trial judge regarded the averments that were stricken out as surplusage, but accorded to appellant the full benefit of his general plea of payment, and if such was the course pursued, he was not entitled to have the case continued, and no harm resulted from not allowing him to file a trial amendment upon the subject of payment.

No reversible error is shown, and the judgment is affirmed.

*Affirmed.*