MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. J. B. BLACHLEY.

Decided April 4, 1908.

**1.—Removal of Causes—Case Approved.**

Suits in this State for personal injuries received in the Indian Territory are not necessarily removable to the Federal Courts because an Act of Congress puts in force in that Territory the statutes of the State of Arkansas. Opinion in the case of Missouri, K. & T. Ry. Co. v. Hollan, 49 Texas Civ. App., 55, adhered to.

**2.—Master and Servant—Duty of Master—Assumption by Servant.**

In a suit by an employe against his employer for damages for personal injuries, a charge by the court upon the right of the employe to assume that his employer had provided him with safe appliances with which to do his work considered, and held correct.

**3.—Charge Should be Construed In Light of Evidence.**

In a suit for damages for personal injuries alleged to have been caused by a defective clevis (which clevis was exhibited to the jury and the defects explained by the plaintiff), a reference in the court's charge to a defective clevis as the possible cause of the injury will be presumed to mean the particular clevis offered in evidence.

**4.—Master and Servant—Duty of Master to Inspect—Charge.**

A charge upon the duty of a master to inspect machinery with which a servant is required to work considered, and held not to impose a greater burden upon the master than the law requires.

**5.—Same—Duty of Inspection—Charge.**

A charge upon the duty of inspection, which ignores the question of skill or competency of the person making the inspection is incorrect, and properly refused.

**6.—Same—Delegated Duty—Vice-Principal.**

When an employer delegates to an employe the duty of inspecting machinery with which other employes are to work such employe becomes a vice-principal of the employer.

**7.—Same—Inspection—Manner of Making—Testimony.**

A witness who had worked for a railroad company for twenty-five years, and was familiar with its manner of inspecting cars, is qualified to testify to and describe the same.

**8.—Appeal—Brief—Practice.**

An assignment of error which involves five different propositions, and is not followed by propositions of law or with a statement from the record, will not be considered on appeal.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke,* and *Smith & Wall,* for appellant.

*Wolfe, Hare & Maxey,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, on the 24th day of October, 1906, instituted suit against appellant in the District Court of Grayson County, Texas, to recover damages in the sum of $40,000, on account of personal injuries he claims to have received on the 18th day of May, 1906, at Durant, Indian Territory, while in the employ of appellant as a railway brakeman.

By his first amended original petition filed in said court on the 8th day of April, 1907, he alleged, in substance: That while in appellant's employ as a brakeman on its local freight train on said date in the town of Durant, it became the duty of his crew to do some switching, that in the performance of his duty it became necessary for him to go upon one of the water cars for the purpose of setting a brake upon the same; that in attempting to set the brake on said car the braking apparatus broke and he was precipitated to the ground and injured. That said car was old, worn, out of repair and unsuitable for the purpose for which it was being used, in that the timbers were rotten, the brake chain, brake connections and braking apparatus were improperly constructed and the connections thereon were not suitable for the purpose for which they were being used, in that the chain was rusty, worn and the clevis which connected it to the brake lever was old, cracked and partially broken; that the brake chain was too short and was improperly connected with the brake lever, in that it was connected with a clevis which was improper for the purpose for which it was being used, because it was too small and the brake lever being larger than the opening in the clevis, it was forced into the brake lever, cracking the clevis; that the clevis was further out of repair, in that the bolt which went through the clevis did not have a nut on it; that either the nut had not been placed on there originally or else it had worked off and the bolt had become loose. That said brake, rod, chain, clevis and connections were improperly constructed and through the negligence of appellant had been permitted to get out of repair so as to render the same dangerous to be used for the purpose for which it had been constructed; that all of said defects were known to appellant, or, by the exercise of ordinary care on its part by making a proper inspection thereof, would have been known, but the same were wholly unknown to the appellee. That appellant was guilty of negligence in failing to make a proper inspection of the car, and in failing to repair the same, and was further guilty of negligence in having and leaving near its track at the point where appellee was injured, a pile of iron and rubbish of various kinds and material. That the appellee in falling from said car was thrown upon a pile of old iron of various and irregular shapes and was bruised and gashed in various parts of the body; that his left foot was cut on

the rubbish and so injured as to subsequently render necessary the amputation of the same about eight inches below the knee, appellee suffered great physical and mental anguish and will continue to so suffer as long as he lives; that he was forty years old and strong and ablebodied and capable of earning and was earning eighty-five dollars per month and his time was reasonably worth that amount. That his earning capacity by reason of said injury has been impaired to the extent of seventy-five dollars per month; that he had been rendered incapable of following his chosen calling of a railroad man.

Appellant answered by general demurrer, special exceptions, general denial, and then by special answer alleged: That appellee's injuries were proximately caused and contributed to by his own negligence and want of ordinary care and his fellow servants; that they resulted from one of the risks assumed by appellee. That of the said defects and causes producing the same the appellee had full notice, or by the exercise of ordinary care on his part would have had full notice and ample time to have avoided the same.

Said cause was tried before a jury on the 10th day of April, 1907, and resulted in a verdict and judgment in favor of appellee in the sum of $8,444. Defendant's motion for new trial having been overruled it perfected an appeal.

1. The injuries to appellee, for which he seeks to recover of appellant damages, were received in the Indian Territory, and it is insisted by appellant that appellee's right of recovery and appellant's liability are governed by a proper construction of a law enacted by the Congress of The United States on the 22d day of May, 1890, entitled "An Act to Provide a Temporary Government for the Territory of Oklahoma, to Enlarge the Jurisdiction of the United States Court in the Indian Territory and for Other Purposes." Appellant filed a proper petition and bond for removal, asking a removal of the cause to the Circuit Court of the United States for the Eastern District of Texas. The application for removal was denied. It is here contended that the trial court erred in denying said application. This same question arose in the case of this appellant v. Hollan, decided by this Court on February 1, 1908, and was decided against appellant. We adhere to that ruling.

2. There was no error in the fourth paragraph of the court's charge which instructs the jury as follows: "Plaintiff had the right to assume that the defendant had exercised ordinary care to furnish cars reasonably safe and properly equipped and supplied with appliances reasonably necessary and proper to enable him to perform the duties required of him with a reasonable degree of safety, and he was not required under the law while engaged in the capacity of brakeman to inspect the cars and appliances thereon while engaged in the discharge of his duties for the purpose of ascertaining their condition." This charge announced a correct proposition of law and taken in connection with the entire charge, could not, as appellant contends, have misled the jury. Missouri, K. & T. Ry. Co. v. Blackman, 32 Texas Civ. App., 200; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 97; Texas & Pac. Ry. Co. v. O'Feil, 78 Texas, 488.

In this connection the jury were instructed as follows: "When the

plaintiff entered the services of the defendant company as brakeman, he assumed all the risks and dangers ordinarily incident to such employment, but he did not assume any risks arising from the negligence of the defendant, if any there was, unless he knew, or in the ordinary discharge of his duty, must necessarily have known of such negligence in time to have avoided injury thereby."

3. By the sixth paragraph the jury were instructed as follows: "If you believe from the evidence that plaintiff was on a car of the defendant under his employment as a brakeman, and if you believe from the evidence that the brake-chain on said car was connected to the brake lever thereon by means of a clevis, and if you further believe from the evidence that said clevis was old, cracked and partially broken, and that plaintiff attempted to set the brake on said car and said clevis broke, and if you further believe from the evidence that said clevis breaking, if you find it did break, caused plaintiff to fall from said car and that he was thereby injured as alleged in his petition, and if you further believe from the evidence that said clevis being cracked and partially broken, if you find it was cracked and partially broken, caused same to break, if you find it did break, and if you further believe from the evidence that by making such careful and proper inspection of· said car and coupling appliances as an ordinarily prudent person would have made under the same or similar circumstances, such defective condition of said clevis, if you find it was so defective, could and would have been discovered, and if you further believe from the evidence that defendant failed to make such careful and proper inspection of the coupling appliances on said car as an ordinarily prudent person would have made under the same or similar circumstances, and if you further believe from the evidence that the failure on the part of the defendant to make such inspection of said coupling appliances as above stated, if you find it did so fail, constituted negligence, as this term has been hereinbefore defined, and that such negligence, if any, was the direct and proximate cause of plaintiff's injury, you will find for the plaintiff, and assess his damages under other instructions given you, unless you find for defendant under other instructions given you."

It is contended that this charge was erroneous in failing to limit the jury in their consideration of defects in the connection between the brake-chain and the lever to the particular clevis introduced in evidence as the one which formed such connection, the defects of which were exhibited to the jury. Appellee on the trial produced a piece of a clevis. He testified that it was a part of the clevis which was involved in this suit; the court admitted it in evidence as such; it was exhibited to the jury as such, and appellee was permitted to describe the appearance of the defects in the same.

The charge could only have had reference to the clevis introduced in evidence and the jury could not have considered it as relating to any other clevis. The charge announced a correct proposition of the law and, taken in connection with the seventh paragraph, it is not subject to the criticism made. St. Louis & S. F.

Ry. Co. v. McClain, *supra;* Rost v. Missouri Pac. Ry. Co., 76 Texas, 172.

The seventh paragraph is as follows: "On the other hand, if, from the evidence, you do not believe that the brake-chain was connected to the brake-lever by means of a clevis; or if you do believe from the evidence that the brake-chain was so connected, but you do not believe from the evidence that the clevis was old, cracked and partially broken; or if you do believe from the evidence that such clevis was old, cracked and partially broken, but if you do not believe from the evidence that such defective condition of said clevis, if you find it was so defective, would have been discovered by a proper inspection, that is, such an inspection as an ordinarily prudent person would have made under the same or similar circumstances, then in either of these events you will find for the defendant."

Again, it is contended that said sixth paragraph of the charge is erroneous in that it places upon appellant a higher degree of care in making inspections than the law requires in that it virtually instructs the jury that if an absolutely proper inspection would have disclosed the defect in the clevis, yet appellant failed to make such an inspection, it would be liable, whereas the law requires only that appellant should make such an inspection as a person of ordinary care would have made. It is conceded that no inspection at all was made of the car. It was the duty of the railway company in order to excuse itself from liability resulting from a defective car, to see that the car was properly inspected by a competent inspector. Southern K. Ry. Co. v. Sage, 99 Texas, 438. The charge makes it the duty of appellant to make such careful and proper inspection of the coupling appliances of the car by a competent inspector as an ordinarily prudent person would have made under the same or similar circumstances. The charge does not place upon appellant a higher degree of care than required by law.

But it is contended that the seventh paragraph of the court's charge, above quoted, was erroneous for the reason that the clevis, which it is claimed caused the accident, was introduced in evidence, and appellant was entitled to a charge to the effect that if, in the exercise of ordinary care, it would not have discovered the defect in this clevis, or if after discovering it, in the exercise of like care, it would have still considered the clevis safe for the purpose for which it was being used, there would be no liability. If this paragraph is erroneous in the particular claimed, then the error is one of omission and it was the duty of appellant to request a correct charge curing the defect and having failed to do so it can not now complain. Barrett v. Featherstone, 89 Texas, 572-3; Wichita Land Co. v. State, 80 Texas, 687-8; Hargrave v. W. U. Tel. Co., 60 S. W., 689-90; Rost v. Missouri Pac. Co., *supra.*

4. Appellant requested a special charge as follows: "If you believe from the evidence in this case that this brake-chain was connected to the brake lever by means of the clevis, a portion of which was exhibited before you, and that such clevis was defective, yet

if you further believe from the evidence that a person of ordinary care making such an inspection of this car and the braking apparatus thereon as a person of ordinary care would have made under the same or similar circumstances, would not have discovered such defect, or upon discovering it, would have considered the clevis reasonably safe for the purpose for which it was to be used, you will return a verdict for the defendant." There was no error in the action of the court in refusing this charge. It was incorrect in that it wholly ignored the question of the competency of the person making such inspection. Southern K. Ry. Co. v. Sage, *supra*; Houston & T. C. Ry. Co. v. Oram, 107 S. W., 74.

5. Appellant's special charges Nos. 5 and 6, the refusal of which is complained of in the sixth and seventh assignments, were fairly embraced in the court's charge and hence were properly refused.

6. Error is assigned to the court's refusal of appellant's special charge No. 2 as follows: "In this case you are instructed that under the laws in force in the Indian Territory where the plaintiff was injured, plaintiff and the car inspectors whose duty it was to inspect this car were fellow servants, and if you believe from the evidence that the plaintiff was caused to be injured by reason of the negligence of one of said car inspectors in failing to inspect and discover the defect in the clevis or S hook which fastened the chain to the brake lever, or in failing to properly remedy said defect, or in some other respect, such would be negligence of plaintiff's fellow servants, and you will return a verdict for the defendant."

As stated, it was the duty of the appellant to see that the car and its braking appliances were properly inspected. If appellant delegated this duty to one of its employes such employe in making the inspection would be a vice-principal and not a fellow servant. Missouri, K. & T. Ry. Co. v. Keefe, 84 S. W., 679; Chicago, R. I. & P. Ry. Co. v. Birk, 99 S. W., 753.

7. C. C. Peterson, a witness for plaintiff, was permitted to testify on direct examination, in substance, that the proper, usual and customary manner of inspecting brakes on the Missouri, Kansas & Texas System is to look around to see that the brake in every way, the brakebeams, shoes and everything are each in its proper place, then go on top of the car and set the brake to find out if the brake is in good shape. The objection to this testimony was that the same was immaterial and irrelevant and witness was not shown to be connected with appellant since prior to the accident. The witness testified that he had worked for appellant as car inspector for over twenty-five years; was familiar with the usual and customary manner of inspecting cars on the Missouri, Kansas & Texas System. There was no error in admitting the testimony.

The twelfth assignment can not be considered. It involves five different propositions and it is not followed by propositions of law or with a statement from the record as the rules require. Rules 24-30-31, 94 Texas, 660; House v. Brown, 21 Texas Civ. App., 576; Ry. Co. v. Hendricks, decided at the present term of this court; Cooper v. Lee, 1 Texas Civ. App., 9; Scanlon v. Galveston, H. & S. A. Ry. Go., 45 Texas Civ. App., 345.

No reversible error having been pointed out in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.