VICKREY v. DOCKRAY et al.

(Court of Civil Appeals of Texas. Austin. June 4, 1913.)

1. PLEADING (§ 228*)—EXCEPTION—SUFFICIENCY—RULE OF COURT.

A special exception, which does not comply with district court rule 18 (142 S. W. xviii), declaring that a special exception shall not only point out the particular pleading excepted to, but shall also point out the insufficiency in its allegations, will be regarded as a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. PLEADING (§ 205*)—GENERAL DEMURRER.

In an action on a note and to foreclose a mechanic's lien, an answer, denying that plaintiff complied with his building contract, and alleging partial failure of consideration of the note in different respects, specifically setting out the items of such failure and the amounts thereof, was good as against a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

While an assignment may include several propositions of law, a group of five assignments followed by only one proposition, which undertakes to present five separate questions of law, violates the express provision of rule 30 for Courts of Civil Appeals (142 S. W. xiii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. TRIAL (§ 295*)—CHARGE CONSTRUED AS A WHOLE.

A charge must be construed as a whole.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

5. APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTION OF FACT.

The sufficiency of the evidence is a question for the jury in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, San Saba County; Clarence Martin, Judge.

Action by W. R. Vickrey against A. R. Dockray and others. Judgment for plaintiff, and he appeals. Affirmed.

G. A. Walters, of San Saba, for appellant. P. M. Faver, of San Saba, for appellees.

RICE, J. On the 8th of November, 1911, appellees, A. R. Dockray and wife, Maggie Dockray, being desirous of erecting a dwelling house upon their lot in San Saba, Tex., entered into a contract with appellant, W. R. Vickrey, whereby the latter obligated himself to construct said building in accordance with certain plans and specifications thereto attached, the said Dockray and wife at the same time giving to him a mechanic's, materialman's and contractor's lien upon such lot and contemplated building, to secure the payment of their certain promissory note for the sum of $1,475, due and payable on or before February 1, 1912, with 10 per cent. interest from maturity and 10 per cent. attorney's fees. This action is brought to enforce the collection thereof, less certain admitted credits, and to recover a small balance for extra work under said contract, and foreclosure of said mechanic's lien. After general and special exceptions and general denial, appellees specially denied that appellant complied with said building contract, alleging partial failure of consideration of said note and contract in 11 different respects, specifically setting out the items of such failure and the amounts thereof, which plea was duly verified. By supplemental petition appellant filed a general exception, and what he termed a "special exception" to said special answer. A jury trial resulted in a verdict and judgment in behalf of appellant for the sum of $575, with interest and attorney's fees and foreclosure of mechanic's lien, from which judgment appellant has prosecuted this appeal, urging, first, that the court erred in overruling his special exceptions to defendant's plea of failure of consideration.

[1, 2] This exception, however, cannot be regarded as anything more than a general demurrer, in that it failed to comply with district court rule No. 18. See 142 S. W. p. xviii. This rule declares that: "A special ex-

ception shall not only point out the particular pleading excepted to, but shall also point out intelligibly the obscurity, duplicity, generality or other insufficiency in the allegations in the pleadings objected to. The general expression that it is vague, uncertain and the like alone shall be regarded as no more than a general exception." This exception did not conform to said rule. See Southwestern Telegraph & Telephone Co. v. Luckie, 153 S. W. 1158. The answer was not subject to a general demurrer, and we are inclined to think it would have been good, even as against a special exception presenting the objections sought to be maintained against it. We therefore overrule the first and second assignments of error.

[3] It is questionable whether appellant's third, fourth, fifth, sixth, seventh, and eighth assignments of error, complaining of the admission of certain testimony over his objection, are not objectionable as being multifarious under the rules; but overlooking, however, this feature, they are followed by only one proposition, which undertakes to present five separate and distinct questions of law, which is clearly violative of the rules forbidding two or more questions to be presented in one proposition. While an assignment may include several propositions of law, these must be presented by separate and distinct propositions. See rule 30 for the government of this court (142 S. W. xiii), and Mutual Life Ins. Co. v. Ford, 130 S. W. 769. Aside from this, we are inclined to believe that there is no merit in these assignments, and that the evidence was properly admitted under the pleadings.

[4] There might be some force in the objection that the charge was so general as to permit a recovery in behalf of appellees if the building was in any respect deficient, were it not for the fact that the court expressly limited appellees' recovery to the items of damage raised by their plea of failure of consideration. A charge must be construed as a whole, and when so considered, the jury could not have been misl d by it, for which reason the ninth assignment, complaining of this matter, is overruled.

[5] The tenth assignment complains of the insufficiency of the evidence to support the verdict. This was a question for the jury.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.