HALL v. WHITE. (No. 405.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 26, 1918. On Rehearing, Feb. 5, 1919.)

1. APPEAL AND ERROR ⬪1040(10)—HARMLESS ERROR—PLEADING.

In action for damages for breach of contract of employment, action of court, in overruling exception to allegation in plaintiff's petition that he was a married man and depended upon his manual labor to make a living for himself and wife, could not have prejudiced defendant.

2. APPEAL AND ERROR ⬪1039(2)—HARMLESS ERROR—PLEADING.

In an action for breach of a contract of employment, defendant cannot complain that petition did not allege that plaintiff could not secure work after he was discharged, where it was shown without objection that plaintiff did secure other employment.

3. MASTER AND SERVANT ⬪41(2)—BREACH OF CONTRACT OF EMPLOYMENT—DAMAGES.

In an action for breach of a contract of employment under which defendant was to furnish plaintiff a home to live in, the plaintiff could show as an element of damages the cost of moving from such house and the rent of the house until the termination of the contract.

4. MASTER AND SERVANT ⬪41(2) — BREACH OF CONTRACT OF EMPLOYMENT—DAMAGES.

In an action for breach of a contract of employment under which it was alleged plaintiff was to have a portion of a crop and a portion of the increase in stock and profits from the milk on the farm where he was employed, plaintiff could show the value of the milk sold and the calves and pigs born during the year.

5. APPEAL AND ERROR ⬪742(4)—MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.

Where from statement under an assignment of error in admission of evidence court cannot determine basis of objection, the assignment will be overruled.

6. MASTER AND SERVANT ⬪42(1) — BREACH OF CONTRACT OF EMPLOYMENT—DAMAGES.

Where an employer breached a contract of employment, he was entitled to credit for whatever sums the employé may have earned after his discharge, as a reduction of the damages suffered.

7. APPEAL AND ERROR ⬪736—MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.

Where an assignment of error is multifarious, in that appellant seeks to review all the different features of his case, it cannot be considered.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Suit by D. White against J. Thomas Hall. Judgment for plaintiff, and defendant appeals. Affirmed on condition.

Harris & Harris, of Nacogdoches, for appellant.

Ingraham & Watson and A. A. Seale, all of Nacogdoches, for appellee.

BROOKE, J. After a careful examination of the record in this case, together with the briefs of counsel for the respective parties, we have come to the conclusion that no reversible error is shown, and the cause should, therefore, be affirmed; and it is so ordered.

On Rehearing.

WALKER, J. Appellant has filed a motion asking this court to discuss his different assignments of error. This motion is granted, and in complying with the same, we dispose of his assignments as follows:

This is a suit by appellee against appellant for damages growing out of breach of contract. Appellee alleged the different elements of the contract, some of them being, to wit, that appellee was to furnish him a home and was to give him a portion of the crop and a portion of the increase in the stock and profits from the milk and from other things which were to be done jointly by appellant and appellee. A part of the contract was that appellant was to have a house to live in, and was to live on the premises of appellant during the year of the contract.

[1] In his first assignment of error, appellant complains of the allegation in plaintiff's petition that he is a married man and depends upon his manual labor to make a living for himself and wife. This assignment is overruled. In this case, while this allegation is possibly surplusage, the error of the court, if any, in overruling this exception, did not prejudice appellant.

[2] By his second assignment, appellant complains of plaintiff's petition, because it does not allege that he could not secure work after he was discharged by appellant. This assignment is overruled. Whatever action the court may have taken on this assignment, all the facts were introduced before the jury, and it was shown, without objection, that appellee did secure other employ-

ment, and appellant got the benefit of this testimony.

[3] By the third assignment, appellant complains of the action of the court in overruling his exception to that portion of plaintiff's petition, as follows:

"Plaintiff further shows the court that the cost of moving and the rent of the house from now until the termination of said contract is reasonably worth $100, and the cost of moving is $12."

This assignment is overruled. Under the contract, as alleged by appellee, it was the duty of appellant to furnish him a house for the year, and in discharging appellant, as alleged in the petition, the loss of the house and the expenses incurred by appellant in moving to another house were proper elements of damage; such damage being reasonably within the contemplation of the parties at the time of the breach of the contract. Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

[4] By his fourth, fifth, and sixth assignments, appellant complains of the admission of testimony by appellee as to the value of milk sold from the farm and of pigs and of calves born on appellant's farm during the year. There was no error in the admission of this testimony. Appellee had pleaded that he was to have an interest in the milk and in the stock, and this proof was properly admitted under this allegation.

By his seventh assignment, appellant complains of the admission of testimony as to the expenses of moving. This assignment is overruled. If appellant had contracted with appellee to furnish him a home during the year, and wrongfully discharged him, he must have reasonably foreseen at the time he made such contract and at the time he breached the same, if he did breach it, that appellee would be compelled to move, and that it would cost him something to move. As to whether or not this cost of moving was an element of damage was a question of fact for the jury, and no error was committed by the court in admitting this testimony.

[5] By the eighth assignment, appellant complains of the admission of testimony by appellee as to the rent paid by him in Nacogdoches. From the statement made under this assignment, we are not able to determine the basis of this objection. Hence this assignment is overruled.

[6] In his ninth assignment, appellent complains that the verdict of the jury is excessive, the jury having rendered a verdict for $350. Under this record, appellant was entitled to a credit for whatever sums appellee may have earned after his discharge as a reduction of the damages suffered by appellee. As testified by appellee, the total damages claimed by him are as follows:

| | |
|---|---|
| One-fifth of the calves | $ 14.00 |
| Milk sales | 131.00 |
| Crops | 30.00 |
| Pigs | 10.00 |
| Moving | 12.00 |
| Rent | 90.00 |
| Wages | 155.00 |
| Aggregating | $442.00 |

Plaintiff testified that on the 15th day of August he went to work for Dr. A. Nelson at a salary of $35 per month, aggregating, from such time until the termination of the contract, $157.50, which would leave a difference, under plaintiff's testimony, in the amount he would have earned under his contract and the amount actually earned by him, of $285. Under appellee's testimony he could not recover a greater sum than $285. We rather think this assignment should be sustained.

[7] Appellant prepared a special charge to have been submitted to the jury, submitting all the issues in the case as viewed by him. This charge was refused by the court, and appellant assigns as error the refusal of the court to give this charge. This assignment cannot be considered, because it is multifarious, by it appellant seeking to review all the different features of his case.

If appellee will remit his judgment to $285 within ten days hereof, this case will be affirmed; otherwise it will be reversed and remanded for another trial.