For the reasons indicated, the judgment will be reversed, and the cause remanded.

SCHAFF v. FANCHER et al.   (No. 1520.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 15, 1919.)

1. APPEAL AND ERROR ⊜⇒759—ASSIGNMENTS OF ERROR; ABANDONMENT BY FAILURE TO COPY INTO BRIEF.

Where there was no assignment of errors filed in the court below, except in the motion for a new trial, those in such motion should be copied in the brief, in view of Rev. St. 1911, art. 1612, and while such copied assignment need not be letter perfect, a reconstructed assignment is insufficient, and authorizes the Court of Appeals to hold the assignment waived and abandoned under Court of Civil Appeals rule 29 (142 S. W. xii), notwithstanding appellant's statement that they were not waived.

2. CARRIERS ⊜⇒228(5)—EVIDENCE; INJURY TO LIVE STOCK BY DELAY.

In an action against a carrier for damages to cattle resulting from unreasonable delay and rough handling, evidence held sufficient to sustain verdict for plaintiff.

3. APPEAL AND ERROR ⊜⇒760(1)—BRIEF; SUFFICIENCY OF ASSIGNMENT OF ERROR.

An assignment which is not a distinct specification of error, but includes three or four propositions relating to different matters not related to each other. without setting out the bill or bills of exception, or referring to the record where they may be found, is insufficiently briefed to require consideration over appellee's objection.

Appeal from Baylor County Court; Nat G. Mitchell, Judge.

Suit by F. L. Fancher and others against the Wichita Valley Railway Company and another. Verdict and judgment discharging the named defendant and in favor of plaintiff and against the defendant C. E. Schaff, receiver of the Missouri, Kansas & Texas Railroad Company, and the Missouri, Kansas & Texas Railroad Company of Texas, and the receiver appeals. Affirmed.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, and Dickson, Kenan & Newton, of Seymour, for appellant.

Bert King, of Wichita Falls, for appellees.

HUFF, C. J. Fancher and Lee, appellees, sued in the county court of Baylor county the Wichita Valley Railway Company and C. E. Schaff, receiver of the Missouri, Kansas & Texas and of the Missouri, Kansas & Texas of Texas, for damages to a shipment of cattle, occasioned by delay and rough handling in transportation. Judgment was rendered on the verdict of a jury, discharging the Wichita Valley Railway Company and against Schaff as receiver of the two

roads, for the sum of $452.86, with 6 per cent. interest from August 30, 1917.

[1] The first assignment of error is predicated on the action of the court in refusing a charge to instruct a verdict for appellant. The proposition thereunder is that the evidence was insufficient to show the difference in the market value of the cattle in the condition in which they arrived and the condition in which they should have arrived at destination under proper handling and without unreasonable delay. This assignment is excepted to by appellees because it is not the assignment set up in the motion for new trial, which in fact contained the only assignments filed in the court below. Literally this is true. The assignment purports to be and is a reconstructed assignment, not purporting to be the exact assignment set out in the motion for new trial. Under a long line of decisions by this court, as well as by the various Courts of Civil Appeals, we would be authorized in holding the assignment abandoned under rule 29 for Courts of Civil Appeals (142 S. W. xii), Coons v. Lain, 168 S. W. 981, and the authorities there cited; Green v. Hall, 203 S. W. 1175. "By the word 'copied,' used in the rule, is not meant that reconstructed or amended assignments should be placed in the briefs, but that the assignments of error contained in the record should be printed in the brief." Martin v. German, etc., 102 S. W. 131. "For the rule is well established by decisions of the Supreme Court that all assignments not copied into the brief are considered waived, although it was stated, as in this case [by appellant] that they are not waived. Railway Co. v. Herbeck, 60 Tex. 602; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Railway Co. v. McLean, 80 Tex. 85, 15 S. W. 789; Cooper v. Hines, 91 Tex. 658, 45 S. W. 554." 102 S. W. 131. It is now held by the Supreme Court, especially in cases tried before the court without a jury, the objection that assignments are not the same as those contained in the motion for a new trial are not maintainable in all instances. H. & S. Eng. Co. v. Turner (Sup.) 203 S. W. 593. See, also, Wyss v. Bookman, 212 S. W. 297. In the Turner Case, supra, the Supreme Court said:

"In cases where a motion for a new trial is required to be filed, errors complained of in the assignments of error, which are required to be set forth in the motion for new trial and are not there set forth will be considered as waived under rule 24. * * * Our construction of the act does not interfere with the accomplishment of the useful object of the motion for a new trial intended by the rule."

As we read that case its only effect is overruled, the construction which had theretofore been placed on article 1612, R. C. S., as amended; that is, that assignments contained in the motion for a new trial when filed shall constitute the assignments on appeal is mandatory, and to rule that the requirement was only to permit such assignment to be relied upon as drafted. In other words, the amendment as to briefing the assignment in a motion for new trial is not imperative, but permissive. Certainly that case does not attempt to annul the statute or the rule which requires the appellant or plaintiff in error in all cases to file with the clerk of the court below all assignments of error distinctly specifying the grounds upon which he relies. If no assignment, independent of the motion for new trial, is filed in the court below, the assignments in the motion certainly are the assignments to be copied in the brief. In this case it was a jury trial, and no other assignments were filed except those contained in the motion for new trial. The first assignment is not a copy of the assignment in the motion, but a reconstruction. We do not contend or hold that the copied assignments should be letter perfect, but certainly a reconstructed assignment is not a copy. Waco Oil, etc., v. Texas Refining, etc., 207 S. W. 987. If the door should be opened, authorizing the briefing of a reconstructed assignment, many abuses might enter.

[2] We believe we would be justified in disregarding the assignment, but have examined the evidence, and have concluded the assignment as presented does not present reversible error. We believe under the evidence introduced the court properly refused to instruct a verdict for appellant. The witness showed that the cattle were unreasonably delayed and roughly handled, and by reason thereof they lost in weight so much per head, and that they were also depreciated in their appearance, which affected their market value 20 or 25 cents per hundred. The account sales show their weight and number and the price for which they sold on the market and the salesman who made the sale testified he sold them on the market for Crowder Bros. Commission Company, by whom he was employed, and to whom the cattle had been consigned by appellees. This witness had been engaged in such occupation for nine years. He stated that the sale was handled in the usual and regular way, and also testified that he was acquainted with the market on the date when the shipment should have arrived upon the market and also was acquainted with the market on the 30th of August, the day the cattle actually arrived and were sold, and he testified that on the 30th the market was fifty cents less per hundred than on the day when they should have been sold. We believe this evidence would give the jury evidence by which they could ascertain the difference between the market value in the condition in which the cattle arrived and in which they should have

arrived. True no witness testified in terms what the difference was in their market value in the two different conditions, but what they brought on the market evidenced their market value at that time, and that, together with the other data giving the shrinkage per head and the depreciation by reason of their appearance, offered a basis for arriving at the difference. The evidence shows the loss in weight by the treatment of the cattle while being shipped, and their depreciation in the market value on account of appearance was given per hundred. The witness' testimony is sufficient, we think, to show in the absence of an objection, that he knew the market value of the cattle on the date they should have arrived and the date they did arrive. This, we think, sufficient to sustain the verdict or to authorize a submission of the case to the jury. 16 C. Y. C. p. 1443; Garlington v. Railway Co., 34 Tex. Civ. App. 274, 78 S. W. 368; Railway Co. v. White, 76 S. W. 947; San Antonio Cotton Oil Co. v. Houston Oil Co., 185 S. W. 887.

[3] The second assignment we do not think briefed according to the rules, and over the objection of appellees we do not think we should consider the matters therein presented for review. The assignment is not a distinct specification of error, as more than one proposition is presented therein; in fact, there are some three or four propositions included, relating to different matters and not related to each other, so as to authorize their submission as one assignment. Part of the assignment is based upon objections to interrogatory No. 4, and the answer thereto by the witness Smith, on the ground that the interrogatory is leading, suggestive, and unintelligible, and that the answer is to a leading and suggesting question, and the witness to answer the question had to refer to the firm handling the cattle, etc., and to himself without being interrogated thereon; and the assignment further asserts error in admitting the account sales, because it was never shown to be a true and correct account, of handling the cattle as to number, weight, etc., and the items were not shown to be correct, and because the answer of the witness, in answer to interrogatories 5 and 6, showed that he did not know anything of the correctness of this account sales, and did not show that the books were correctly kept, and that appellant did not have an opportunity to examine the witness concerning the correctness of the items shown by bill No. 5. This assignment is submitted as a proposition, and there is no other proposition presented under it. The statement thereunder does not set out the bill or bills of exception, or refer to the record where they may be found. It simply refers to the statement under the first assignment where there is only a brief skeleton statement of Smith's and other testimony, made in a narrative form, without giving either of the interrogatories or the answer thereto or the objection made in the court below, whether by motion before trial, etc., or by objection at the trial. Rules 24 to 31, inclusive, for Courts of Civil Appeals; Railway Co. v. Blachley, 50 Tex. Civ. App. 141, 109 S. W. 999; Vickrey v. Dockray, 158 S. W. 1160; Glover v. Houston Belt, etc., 163 S. W. 1063; Angelina County v. Mast, 208 S. W. 360; Hall v. White, 208 S. W. 669; Wittliff v. Tucker, 208 S. W. 753; Weld-Nevill, etc., v. Lewis, 208 S. W. 735–736; Railway Co. v. Bone, 208 S. W. 709; Grundy v. Greene, 207 S. W. 964; Talbot v. Martindale, 211 S. W. 302; Evans v. Houston Co., 211 S. W. 605; Holmes v. Tennant, 211 S. W. 798.

The third, fourth, fifth, and sixth assignments of error assign the court was in error in failing to sustain certain objections to the interrogatories and answers thereto by Smith and Lee. We have gone over these several assignments, and if they had been properly briefed we are nevertheless of the opinion that there is no material error shown. Some of the objections are easily answered by other portions of the testimony of the witnesses, and are definite enough to include the matter inquired about and the answers given thereto. The witnesses also show sufficient qualification to give their opinion as to the loss in weight and the appearance of the animals, and its effect upon their market value. If there was any error, which we do not hold, it was immaterial, and should not reverse the case. The assignments will be overruled, and the judgment affirmed.