## DUNN et al. v. LAMAR COUNTY LEVEE IMPROVEMENT DIST. NO. 1. (No. 3320.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 6, 1927.

**1. Appeal and error &#9910;722(1)—Contentions in brief, not including copy of motion for new trial in lieu of assignments of error, need not be considered (Court of Civil Appeals rule 32).**

Contentions in appellants' brief, which does not include verbatim copy of their motion for new trial in lieu of assignments of error, as required by Courts of Civil Appeals rule 32, need not be considered.

**2. Frauds, statute of &#9910;60(1)—Plaintiffs' written consent to coplaintiff's settlement for damages to land, in which defendant levee district claimed no easement, held unnecessary.**

Where levee district did not defend against recovery of damages by diversion of water to plaintiffs' land on theory that it acquired easement therein, but on theory that, as trespasser, it agreed with one plaintiff on amount of damages, and paid such amount, statute did not apply, and it was not necessary that other plaintiffs' consent to such settlement be evidenced in writing.

**3. Compromise and settlement &#9910;23(2)—Receipt for money paid in settlement of damages by construction of levee held admissible against signer and others for whom he acted by their authority.**

Receipt by life tenant for amount paid by levee district in settlement of all damages by

(293 S.W.)

construction of levee *held* admissible as evidence of such agreement and payment against remaindermen, as well as life tenant, in suit for damages to land by water diverted-thereto, on proof that life tenant acted for remaindermen and by their authority in making settlement.

**4. Compromise and settlement ☞16(1)—Receipt for payment in settlement of damages by levee construction held to preclude recovery for damage to land by water diverted thereto.**

Life tenant's receipt for sum paid by levee district in settlement for all damages by construction of levee *held* to show that he and remaindermen were not entitled to recover from district for permanent injuries to land by water diverted thereto by levee.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Action by O. N. Dunn and others against Lamar County Levee Improvement District No. 1. Judgment for defendant, and plaintiffs appeal. Affirmed.

Appellants Mamie E. Hale, Althea E. Clark, and Henry Dunn, children of Sarah L. Dunn, deceased, owned 93 acres of the A. Skidmore survey in Lamar county, subject to a life estate in an undivided one-third thereof owned by their father, appellant O. N. Dunn, surviving husband of said Sarah L. Dunn, who owned the land in her own separate right at the time she died. Claiming that the land had been permanently injured by water diverted to it by levees constructed by the appellee improvement district on land belonging to other parties, said Mamie E. Hale and Althea E. Clark, joined by their respective husbands, and said Mary Dunn and O. N. Dunn, commenced and prosecuted this suit against appellee for damages. Appellee pleaded as a defense that the claim for damages asserted by appellants had been "adjusted, settled, and compromised," and at the trial relied on a written instrument as follows as proof of such settlement, adjustment, and compromise:

"Paris, Tex., April 11, 1924. Received of Lamar county levee improvement district No. 1, a body politic and corporate, formed under the laws of the state of Texas, the sum of $1,000 in full and final payment of and in settlement and satisfaction of any and all damages to crops on the O. N. Dunn farm (the 93 acres of land referred to in the statement above) cultivated by W. C. Smith during the year 1923, caused by or incident to the construction of the levy near the same, and in full and final settlement of all damages by reason of the construction of said levee which we or either of us have or may suffer by reason of same, or any work incident thereto, this receipt being in full of all claim against the district except for right of way which is this day settled and agreed to and will be provided for in other instrument or instruments of writing.

"[Signed]    O. N. Dunn.
"W. C. Smith."

The trial court thought it conclusively appeared from the testimony that appellant O. N. Dunn was authorized by all the other appellants to act for them in making the settlement evidenced by the instrument just set out, and therefore instructed the jury to return a verdict in favor of appellee. The jury having done that, judgment was rendered that appellants take nothing by their suit, and in appellee's favor for costs.

Lattimore & Birmingham and R. E. Eubank, all of Paris, for appellants.

A. P. Park and Long & Wortham, all of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It does not appear from anything in the record sent to this court that appellants filed assignments of error in the lower court, but the transcript contains a motion for a new trial filed by them. However, they did not comply with rule 32 for the government of Courts of Civil Appeals, which required them to include in their brief a verbatim copy of their said motion in lieu of assignments of error. Scaling v. School District (Tex. Civ. App.) 285 S. W. 678; Wigglesworth v. Stock Co. (Tex. Civ. App.) 126 S. W. 1180; Bowers v. Goats (Tex. Civ. App.) 146 S. W. 1013; Fessinger v. Times Co. (Tex. Civ. App.) 154 S. W. 1171. They are not, therefore, entitled to have the contentions in their brief considered here. Texas Midland Ry. Co. v. Herbeck, 60 Tex. 602; Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607; Martin v. Bank (Tex. Civ. App.) 102 S. W. 131; Bristol v. Gas Co. (Tex. Civ. App.) 273 S. W. 746; Double Sawtell (Tex. Civ. App.) 271 S. W. 646; Schaff v. Fancher (Tex. Civ. App.) 215 S. W. 861; Lewis v. Pitts (Tex. Civ. App.) 275 S. W. 473; Paris v. Estes (Tex. Civ. App.) 283 S. W. 529; Mansfield v. Mansfield (Tex. Civ. App.) 198 S. W. 169; Turner v. Turner (Tex. Civ. App.) 195 S. W. 326. But we have considered said contentions, and, if we felt called upon to determine same, would overrule them.

[2] Appellant O. N. Dunn, a witness for himself and the other appellants, testified, in effect, that the other appellants verbally authorized him to act for them in making the settlement evidenced by the receipt set out in the statement above. The contention that said other appellants nevertheless were not bound by the act of said O. N. Dunn in making the settlement is on the theory that, quoting from appellant's brief, "the creation of the rights obtained by reason of said receipt was in the nature of an easement in the lands, and thereby came within the provisions of the statute of frauds."

[3, 4] There might be merit in the contention if appellee was claiming an easement in appellant's land and the issue was as to whether it had acquired such an easement or

not. 25 R. C. L. 500. But appellee made no such claim. It did not defend against the recovery sought by appellants on the theory that it had acquired such an easement, but on the theory that as a trespasser on the land it agreed with appellants and Smith on the amount of damages they were entitled to demand of it on account of such trespass, and had paid them the amount agreed upon. The statute of frauds had no application to the case, and hence it was not necessary that the consent of appellants to the settlement should be evidenced by writing. Certainly said receipt was admissible as evidence of such agreement and payment as against O. N. Dunn, and as certainly, we think, it was admissible as evidence against the other appellants on the proof made that in making the settlement O. N. Dunn acted for them and by their authority as well as for himself. Having properly admitted the receipt as evidence, we think the trial court correctly construed its effect to be to show that appellants were not entitled to recover as they sought to against appellee.

The judgment is affirmed.